East Baton Rouge Parish Clerk of Court

Page 1 of 1



## Arnold & Itkin LLP
### TRIAL LAWYERS

June 9, 2017

**<u>Via Federal Express</u>**
Honorable Doug Welborn
East Baton Rouge Clerk of Court
300 North Blvd.
Baton Rouge, LA 70801

      Re:   New Civil Suit Filing
              *Michael Johnson, et al v. Packaging Corporation of America, Et Al.*
              19th Judicial Court of Baton Rouge Parish, Louisiana

Dear Mr. Welborn:

      Please find enclosed for filing an original and three (3) copies of **Plaintiff's Original Petition for Damages, Request for Notice and Jury Order**. Our firm's check in the amount of $780.00 is enclosed for the filing fees and the service fees for the Defendants listed below:



**<u>Sheriff</u>**
**Eric Snelgrove**
1618 Oak Ridge Drive,
Leesville, LA 71446, or wherever he may be found

**<u>Long Arm Statute</u>**
**Rick Butterfield**
220 Wyatt Drive,
Kelso, Washington 98626, or wherever he may be found

      Please return the file-stamped copies back to me by using the enclosed prepaid Fed Ex envelope. Should you have any questions or concerns, please do not hesitate to call.

           Very truly yours,

           *Kristina L. McDonald*
           Kristina McDonald
           *Assistant to Kyle Findley*

REC'D C.P.
JUN 13 2017

/klm
Enclosures

6009 Memorial Drive • Houston, TX 77007 • Phone 713.222.3800 • Toll Free 866.222.2606 • Fax 713.222.3850 • www.arnolditkin.com

Exhibit 7

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. _____    DIV. _____

**MICHAEL JOHNSON, ET AL.**

**VERSUS**

**PACKAGING CORPORATION OF AMERICA, ET AL.**



FILED: _____    _____
DEPUTY CLERK

### ORIGINAL PETITION FOR DAMAGES

#### I. PLAINTIFFS

1.    Plaintiff **Michael Johnson** is a person of full age and majority that resides in Louisiana.

2.    Plaintiff **Charles Cunningham** is a person of full age and majority that resides in Louisiana.

3.    Plaintiff **Jerry Bailey** is a person of full age and majority that resides in Louisiana.

4.    Plaintiff **Eric Woodard** is a person of full age and majority that resides in Louisiana.

5.    Plaintiff **Michael Darbonne** is a person of full age and majority that resides in Louisiana.

6.    Plaintiff **Michael McCullough** is a person of full age and majority that resides in Louisiana.

7.    Plaintiff **Demon Benjamin** is a person of full age and majority that resides in Texas.

#### II. DEFENDANTS

8.    Defendant **Packaging Corporation of America** ("PCA") is an Illinois corporation licensed to do business in the State of Louisiana. The Court may exercise personal jurisdiction over PCA because it does a substantial amount of business in Louisiana.  PCA's continuous and systematic contacts with Louisiana justify the exercise of general jurisdiction. The Court may exercise personal jurisdiction over PCA because PCA's contacts with Louisiana arising out of this explosion justifies the Court also exercising specific jurisdiction. PCA may be served through its registered agent, C T Corporation System, at 3867 Plaza Tower Drive, Baton Rouge, LA 70816.

9.    Defendant **Boise Packaging & Newsprint, LLC** ("Boise P&N") is organized in Delaware and has a principal office in Illinois. Boise P&N is licensed to do business in the State of Louisiana. The Court may exercise personal jurisdiction over Boise P&N because it does a substantial amount of business in Louisiana. Boise P&N's continuous and systematic contacts with Louisiana justify the exercise of general jurisdiction. The Court may exercise personal jurisdiction over Boise P&N because Boise P&N's contacts with Louisiana arising out of this explosion justifies the Court also exercising specific jurisdiction. Boise P&N may be served through its registered agent C T Corporation System, at 3867 Plaza Tower Drive, Baton Rouge, LA 70816.

10.    Defendant **Boise, Inc.** is organized in Delaware and has a principal office in Illinois. The Court may exercise personal jurisdiction over Boise, Inc. because it does a substantial amount of business in Louisiana. Boise, Inc.'s continuous and systematic contacts with Louisiana justify the exercise of general jurisdiction. The Court may exercise personal jurisdiction over Boise, Inc. because Boise, Inc.'s contacts with Louisiana arising out of this explosion justifies the Court also exercising specific jurisdiction. Boise, Inc. may be served through its registered agent C T Corporation System, at 208 South Lasalle Street, Suite 814, Chicago, IL 60604.

11.    Defendant **Eric Snelgrove** may be served at his residence located at 1618 Oak Ridge Drive, Leesville, LA 71446, or wherever he may be found.

12.    Defendant **Rick Butterfield** may be served at his residence located at 220 Wyatt Drive, Kelso, Washington 98626, or wherever he may be found.

### III. NATURE OF ACTION

13.    Plaintiffs brings negligence, gross-negligence, premises-liability, and intentional tort claims against Defendants related to a plant explosion that occurred in Beauregard Parish.

### IV. JURISDICTION AND VENUE

14.    Jurisdiction is proper in this Court because the conduct that caused Plaintiffs' damages and injuries occurred in Louisiana. La. Rev. Stat. § 13:3201.

15.    Venue is proper in this Court under article 42 and article 73 of the Louisiana Code of Civil Procedure as one or more of the Defendants, who are joint and/or solidary tortfeasors, maintain a principal business establishment in East Baton Rouge.

East Baton Rouge Parish Clerk of Court

## V. FACTUAL ALLEGATIONS

16.     On or around February 8, 2017, Plaintiffs suffered severe and debilitating injuries while working at a paper and containerboard mill located at 420 Highway 190 West, DeRidder, Louisiana ("the Deridder mill"). Upon information and belief the Deridder mill is owned by Defendant Boise P&N, and operated by Defendant PCA. Additionally, Defendant Eric Snelgrove was the mill manager at the time of the incident, and Defendant Rick Butterfield was responsible for safety at the mill on the date of the explosion.

17.     On the date in question, Plaintiffs were working at the Deridder mill performing work during a shutdown when two tanks violently exploded.  Tragically, three individuals were killed in the blast and many were injured, including Plaintiffs herein.

18.     While both the United States Chemical Safety Board ("CSB") and Occupational Safety and Health Administration ("OSHA") are still investigating the explosion, it is clear that Defendants failed to provide Plaintiffs a safe workplace, as well as were responsible for owning, operating, maintaining and inspecting the equipment and tanks that ultimately exploded and caused harm. To compound matters, Defendants have previously experienced a similar incident involving an explosion of one of its tanks in 2008 at the Defendants' Tomahawk, Wisconsin facility, which also resulted in serious injuries and deaths.  Defendants knew of the hazard, and proceeded with endangering the health and safety of Plaintiffs, causing the debilitating injuries for which the Plaintiffs now sue.

## VI. CAUSES OF ACTION

### A. *Negligence and Gross-Negligence (against all Defendants)*

19.     Plaintiffs repeat and reallege each allegation contained above.

20.     Plaintiffs were injured because of Defendants' negligence and gross negligence when Defendants:

        a.  failed to properly inspect equipment;

        b.  failed to provide adequate warning of known and/or potential hazards;

        c.  failed to provide adequate medical care;

        d.  failed to implement adequate safety procedures;

        e.  failed to have adequate emergency response procedures in place;

        f.  failed to ensure the equipment was reasonably safe;

        g.  failed to properly operate equipment;

        h.  failed to exercise adequate due diligence in the selection of equipment;

      i.   failed to exercise adequate due diligence in the placement of equipment;

      j.   failed to provide proper/safe equipment;

      k.   failed to properly train;

      l.   failed to properly eliminate hazards associated with work;

      m.   failed to act prudently with job tasks;

      n.   failed to properly supervise its employees and/or subsidiary;

      o.   failed to provide a safe working environment;

      p.   violated applicable rules and regulations; and

      q.   committed other negligent and grossly negligent acts.

21.     In addition, Defendants are vicariously liable for the negligent acts of their employees, agents and/or contractors.

22.     Defendants owed a duty consistent with the aforementioned and breached each of the foregoing duties, through their own acts and omissions and through those for whom Defendants are responsible. These breaches were the cause in fact and legal cause of Plaintiffs' injuries. As a result of Defendants' negligence, Plaintiffs suffered severe injuries that will affect them every day of the rest of their lives. Plaintiffs are entitled to recover for their injuries since they in no part contributed to these injuries.

**B.  _Premises-Liability Claims (Against the Defendant Boise P&N)_**

23.     Plaintiffs repeat and reallege each allegation contained above.

24.     Boise P&N owned, occupied, and/or controlled the area where Plaintiffs were injured.

25.     The condition of the area where Plaintiffs were injured posed unreasonable risks of harm, and Boise P&N had actual knowledge or reasonably should have known of the unreasonably dangerous conditions.

26.     Plaintiffs did not know of the unreasonably dangerous conditions. Plaintiffs were invitees who entered the premises for the benefit of Boise P&N, and with their knowledge. Boise P&N owed a duty to inspect and warn of the unreasonably dangerous conditions, or make the unreasonably dangerous conditions reasonably safe. Boise P&N breached this duty by failing to warn Plaintiffs of the known, unreasonably dangerous conditions and by failing to make these conditions reasonably safe, which actions, in the exercise of reasonable care, could have prevented Plaintiffs' injuries in whole or in part.

27.    Boise P&N's breaches of the above mentioned duties were the cause in fact and legal cause of Plaintiffs' injuries.

C.    *Intentional Tort (against the Defendants)*

28.    Plaintiffs repeat and reallege each allegation contained above.

29.    Additionally, the Defendants knew the incident sued on herein was substantially certain to occur given the Defendants' prior knowledge of hazards related to flammable and combustible emissions from tanks related to mill operations. The safety rules and regulations in place created by the various Defendants required that the tank should have been sealed, and operations that provided a source of ignition should not have been conducted near tanks full of dangerous and flammable gases. Further, applicable rules and regulations did not permit these actions to occur. Despite these rules, regulations, laws, and common sense, the Defendants consciously disregarded such, and ordered work to occur near tanks containing these dangerous hazards that provided sources of ignition. As such, the Defendants are liable for the consequences of their actions.

30.    Moreover, the Defendants knew that workers were present Deridder mill, including those working near the subject tanks that exploded, at the time hot work was being performed. The Defendants were consciously aware that they were required to clear the area of potential hazards prior to hot work, as a similar incident occurred at another facility owned and operated by Defendants in Tomahawk, Wisconsin in 2008. Moreover the Tomahawk, Wisconsin incident also resulted in serious injuries and deaths of multiple workers. This was from hot work being performed near tanks that were emitting dangerous gases. The Defendants were also aware that they were required to ensure no dangerous gases were being emitted at or near hot work at the Deridder mill on the date of the incident with workers located nearby. The Defendants had knowledge that workers were present at the facility and performing hot work near the tanks that exploded. Despite all of this knowledge, the Defendants proceeded to order the Plaintiffs and other workers to work, while simultaneously allowing hot work operations to occur near tanks that they knew were emitting dangerous gases, as well as knew had a history of emitting gases, without first checking and/or ensuring the area was clear of severe hazards. Therefore, the Defendants knew the tanks were substantially certain to cause Plaintiffs to suffer significant and life threatening injuries. As such, the Defendants are liable for their intentional torts. Further, these acts and omissions were the cause in fact and legal cause of Plaintiffs' injuries.

5

## VII. DAMAGES

31.     As a result of the incident sued on herein, Plaintiffs suffered severe and permanent injuries, including but not limited to burns, orthopedic injuries, posttraumatic stress disorder, and mental distress, which injuries have caused and will likely cause Plaintiffs residual disability, past and future disfigurement, past and future scarring, past and future pain and suffering, past and future mental anguish and distress, past and future loss of enjoyment of life, past and future medical expenses, past lost earnings, future loss of earning capacity, past and future physical impairment.

32.     Plaintiffs' damages exceed the amount necessary for a jury and therefore Plaintiffs demand a trial by jury.

**WHEREFORE**, Plaintiffs prays that Defendants be cited to appear and answer this petition and that, after due proceedings be had, there be judgment entered herein (1) in favor of the Plaintiffs and against each of the Defendants, jointly and/or solidarily, and (2) awarding all special and general damages to which the Plaintiffs are entitled, under any theory whatsoever, whether or not pleaded, including:

- Past and future medical expenses, care, and/or damages;

- Past and future loss of wages and earning capacity;

- Past and future physical pain and suffering and mental anguish;

- Past and future loss of enjoyment of life;

- Past and future impairment and disability;

- Past and future scarring and disfigurement;

- Costs of Court;

- Pre and Post Judgment interest.

6

Respectfully Submitted,

ARNOLD & ITKIN LLP

By: _____

J. Kyle Findley
Bar Roll No. 34922
kfindley@arnolditkin.com
Kala Sellers
Bar Roll No. 36182
ksellers@arnolditkin.com
Adam Lewis
Bar Roll No. 37492
alewis@arnolditkin.com
6009 Memorial Drive
Houston, TX 77007
Tel: (713) 222-3800
Fax: (713) 222-3850


A. M. "Tony" Clayton (#21191)
Michael P. Frugé (#26287)
Richard J. Ward, III (#32267)
CLAYTON, FRUGÉ & WARD
3741 La. Highway 1 South
Port Allen, LA 70767
Telephone: (225) 344-7000
Facsimile: (225) 383-7631

**ATTTORNEYS FOR PLAINTIFFS**

FILED
EAST BATON ROUGE PARISH, LA
2017 JUN 12   AM 08:41

7

East Baton Rouge Parish Clerk of Court

**PLEASE SERVE:**
(Citation and Petition)

**Eric Snelgrove**
1618 Oak Ridge Drive,
Leesville, LA 71446, or wherever he may be found

**PLEASE SERVE VIA LOUISIANA LONG ARM STATUTE:**
(Citation and Petition)

**Rick Butterfield**
220 Wyatt Drive,
Kelso, Washington 98626, or wherever he may be found

8

East Baton Rouge Parish Clerk of Court

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. _____                                      DIV. _____

**MICHAEL JOHNSON, ET AL.**

**VERSUS**

**PACKAGING CORPORATION OF AMERICA, ET AL.**

FILED: _____          _____
                                         DEPUTY CLERK

### JURY ORDER

It is ordered that all Plaintiffs, be and are hereby granted a trial by jury on all issues, conditioned upon a posting of bond for furnishing security in the amount of $ *to be set at pre-trial* dollars. The bond/or security is to be deposited with the Clerk of the Court within sixty (60) days prior to trial.

SIGNED this 29 day of June, 2017.

_____
DISTRICT JUDGE



19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. _____                    DIV. _____

**MICHAEL JOHNSON, ET AL.**

**VERSUS**

**PACKAGING CORPORATION OF AMERICA, ET AL.**

FILED: _____        _____
                                          DEPUTY CLERK

**REQUEST FOR NOTICE**

TO:    Clerk of Court
       East Baton Rouge Parish
       P.O. Box 1991
       Baton Rouge, LA  70821-1991

Please take notice that the undersigned hereby requests written notice of the date set for

trial of the above-numbered and entitled cause as well as notice of hearings (whether on merits or

otherwise), orders, judgments and interlocutory decrees, and any and all formal steps taken by the

parties herein, the Judge or any member of Court, as provided in Louisiana Code of Civil Procedure

of 1960, particularly Articles 1572, 1913 and 1914.

Respectfully Submitted,

ARNOLD & ITKIN LLP

By: _____
       J. Kyle Findley
       Bar Roll No. 34922
       kfindley@arnolditkin.com
       Kala Sellers
       Bar Roll No. 36182
       ksellers@arnolditkin.com
       Adam Lewis
       Bar Roll No. 37492
       alewis@arnolditkin.com
       6009 Memorial Drive
       Houston, TX  77007
       Tel: (713) 222-3800
       Fax: (713) 222-3850

       A. M. "Tony" Clayton (#21191)
       Michael P. Frugé (#26287)
       Richard J. Ward, III (#32267)
       CLAYTON, FRUGÉ & WARD
       3741 La. Highway 1 South
       Port Allen, LA 70767
       Telephone: (225) 344-7000
       Facsimile: (225) 383-7631

       **ATTTORNEYS FOR PLAINTIFFS**

EBR4109352

FILED
EAST BATON ROUGE PARISH, L.
2017 JUN 12  AM 10: 41

East Baton Rouge Parish Clerk of Court

Page 1 of 1

2302-17-004200

# CITATION

**MICHAEL JOHNSON, ET AL**
(Plaintiff)

**vs.**

**PACKAGING CORPORATION OF
AMERICA, ET AL**
(Defendant)

**NUMBER  C658636 SECTION 23**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

**TO:  ERIC SNELGROVE
       1618 OAK RIDGE DRIVE
       LEESVILLE, LA 71446**
       **(OR WHEREVER HE MAY BE FOUND)**

GREETINGS:

Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **28-JUN-2017.**



*Arkisha Jarvis Payton*
─────────────────────
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: J KYLE FINDLEY**

*The following documents are attached:
**PETITION, REQUEST FOR NOTICE, JURY ORDER**

─────────────────────────────────────────────────────
**SERVICE INFORMATION:**
Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served
on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at
_____

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20____.

SERVICE:       $_____
MILEAGE       $_____          ─────────────────────
TOTAL:          $_____                **Deputy Sheriff**

                                   **CITATION (OOP) - 2302**


EBR4203977

East Baton Rouge Parish Clerk of Court

Page 1 of 1

# CITATION
### (Long Arm LSA R.S. 13:3201 et seq.)

**MICHAEL JOHNSON, ET AL**
(Plaintiff)

**vs.**

**PACKAGING CORPORATION OF AMERICA, ET AL**
(Defendant)

**NUMBER  C658636 SECTION 23**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

**** VIA LOUISIANA LONG ARM STATUTE LSA R.S. 13:3201 ET SEQ ****

## TO: RICK BUTTERFIELD
## (OR WHEREVER HE MAY BE FOUND)

GREETINGS:

YOU HAVE BEEN SUED.

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks in accordance with LSA R.S. 13:3201 et seq. OR, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading, a judgment may be entered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish, on **28-JUN-2017**.



*Arkisha Jarvis Payton*
_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

**Requesting Attorney: J KYLE FINDLEY**

*Also attached are the following documents:
**PETITION, REQUEST FOR NOTICE, JURY ORDER**

**CITATION-LONG ARM- 2412**



EBR4086075

# DOUG WELBORN, CLERK OF COURT
## 19ᵗʰ Judicial District Court
## Parish of East Baton Rouge
### 300 North Boulevard
### Baton Rouge, LA 70801
### Phone  (225)389-3960

NO.    C658636 SECTION 23                    28-JUN-2017


TO:    **VERNON PARISH SHERIFFS OFFICE**
       **PO BOX 649**
       **LEESVILLE, LA 71446**

Please find attached **(1)** CITATION to be served in your parish for the above numbered suit.

Kindly make your return(s) on the duplicate(s) enclosed, and

    ☐  note the enclosed check for payment of service;

    ☒  **send us your bill for service;**

    ☐  note that this is a pauper suit and no funds are available; or

    ☐  note that this is a government suit and no funds are necessary.

Thank You,

*Arkisha Jarvis Payton*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney:  J KYLE FINDLEY

---

REPLY:                                DATE:_____

_____

_____

_____

_____

_____

                        By:_____

                        Deputy Sheriff, Parish of _____

Letter to Out Of Parish Sheriff - 5213



EBR4086072

East Baton Rouge Parish Clerk of Court     *EMPIRE POINT*                                                    Page 1 of 1

2302-17-004200

**CITATION**

# RETURN

**MICHAEL JOHNSON, ET AL**
(Plaintiff)

NUMBER C658636 SECTION 23

19th JUDICIAL DISTRICT COURT

vs.

PARISH OF EAST BATON ROUGE

**PACKAGING CORPORATION OF**
**AMERICA, ET AL**
(Defendant)

STATE OF LOUISIANA



**TO:** ERIC SNELGROVE
**1618 OAK RIDGE DRIVE**
**LEESVILLE, LA 71446**
**(OR WHEREVER HE MAY BE FOUND)**

GREETINGS:

Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on 28-JUN-2017.

*Arkisha Jarvis Payton*
Deputy Clerk of Court for
Doug Welborn, Clerk of Court

**Requesting Attorney:** J KYLE FINDLEY

*The following documents are attached:
**PETITION, REQUEST FOR NOTICE, JURY ORDER**

---

**SERVICE INFORMATION:**

Received on the 30th day of June, 2017 and on the 30th day of June, 20 17, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at 1618 Oak Ridge Dr. Leesville

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of VERNON, this 30th day of June, 20 17.



|  |  |
|---|---|
| SERVICE: | $_____ |
| MILEAGE: | $_____ |
| TOTAL: | $_____ |

*Jim Wilson*
Deputy Sheriff

CITATION (OOP) - 2302

EBR4116661

EBR4203977

East Baton Rouge Parish Clerk of Court

Page 1 of 1



## Arnold & Itkin LLP
### TRIAL LAWYERS

July 25, 2017

POSTED

JUL 27 2017

**Via Federal Express**
Honorable Doug Welborn
East Baton Rouge Clerk of Court
300 North Blvd.
Baton Rouge, LA 70801

  Re: Request for Issuance of Citations and Service
     No. 658636; *Michael Johnson, et al v. Packaging Corporation of America, Et Al.*
     19th Judicial Court of Baton Rouge Parish, Louisiana

Dear Mr. Welborn:

    Plaintiff would like to respectfully request that the following Defendants be served accordingly:

| **SHERIFF** | **LONG ARM STATUTE** |
|---|---|
| **Packaging Corporation of America** | **Boise, Inc.** |
| C T Corporation System | C T Corporation System |
| 3867 Plaza Tower Drive | 208 South Lasalle Street, Suite 814 |
| Baton Rouge, LA 70816 | Chicago, IL 60604 |
| | |
| **Boise Packaging & Newsprint, LLC** | |
| C T Corporation System | |
| 3867 Plaza Tower Drive | |
| Baton Rouge, LA 70816 | |

    Our firm's check in the amount of $240.00 is enclosed for the issuance of citations and service fees. I have also enclosed three (3) copies of Plaintiff's Original Petition.

    Please return the file-stamped copy of this letter back to me by using the enclosed prepaid Fed Ex envelope, along with the Long Arm Statute Citation. Should you have any questions or concerns, please do not hesitate to call.

         Very truly yours,

         *Kristina L. McDonald*

         Kristina McDonald    **REC'D C.P.**
         *Assistant to Kyle Findley*

/klm                 JUL 27 2017
Enclosures

EBR425149

East Baton Rouge Parish Clerk of Court                                                                                        Page 1 of 1

**2425-17-001006**

# CITATION

**MICHAEL JOHNSON ET AL**
(Plaintiff)

vs.

**PACKAGING CORPORATION OF**
**AMERICA ET AL**
(Defendant)

**NUMBER C658636 SECTION 23**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:  **PACKAGING CORPORATION OF AMERICA**
     **THROUGH THEIR AGENT FOR SERVICE OF PROCESS:**
     **CT CORPORATION SYSTEMS**

GREETINGS:

Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **31-JUL-2017**.



*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: J KYLE FINDLEY**

Also attached are the following documents:
**PETITION FOR DAMAGES**

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**CT CORPORATION SYSTEMS:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

| SERVICE: | $_____ | |
|---|---|---|
| MILEAGE | $_____ | _____ |
| TOTAL: | $_____ | Deputy Sheriff |

**CITATION - 2425**

EBR4281052

East Baton Rouge Parish Clerk of Court

Page 1 of 1

# CITATION
### (Long Arm LSA R.S. 13:3201 et seq.)

**MICHAEL JOHNSON ET AL**
(Plaintiff)

vs.

**PACKAGING CORPORATION OF
AMERICA ET AL**
(Defendant)

**NUMBER  C658636 SECTION 23**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

### ** VIA LOUISIANA LONG ARM STATUTE LSA R.S. 13:3201 ET SEQ **

**TO:  BOISE, INC.**

GREETINGS:

YOU HAVE BEEN SUED.

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks in accordance with LSA R.S. 13:3201 et seq. OR, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading, a judgment may be entered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish, on **31-JUL-2017.**

_Tracy Hewitt_
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: J KYLE FINDLEY**

*Also attached are the following documents:
**PETITION FOR DAMAGES**

**CITATION-LONG ARM- 2412**



EBR4085782

East Baton Rouge Parish Clerk of Court

Page 1 of 1

2425-17-001007

# CITATION

MICHAEL JOHNSON ET AL
(Plaintiff)

vs.

PACKAGING CORPORATION OF
AMERICA ET AL
(Defendant)

NUMBER  C658636 SECTION 23

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:    BOISE PACKAGING & NEWSPRINT, LLC
       THROUGH THEIR AGENT FOR SERVICE OF PROCESS:
       CT CORPORATION SYSTEMS

GREETINGS:

Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on 31-JUL-2017.

_Tracy Hewitt_
_Deputy Clerk of Court for_
Doug Welborn, Clerk of Court

Requesting Attorney: J KYLE FINDLEY

Also attached are the following documents:
PETITION FOR DAMAGES

---

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____, served on the above named party as follows:

CT CORPORATION SYSTEMS: By tendering same to the within named, by handing same to _____.

DUE AND DILIGENT: After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of East Baton Rouge, this _____ day of _____, 20____.

SERVICE:    $_____
MILEAGE:    $_____
TOTAL:      $_____

_____
Deputy Sheriff

made service on the named party through the CT Corporation

CITATION - 2425

AUG 0 2 2017

by tendering a copy of this document to
☐ Jeannine Beauregard  ☑ Brenna Beauregard
☐ Allyson Reed
_C. Cummins_
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

EBR4121812

EBR4281055

East Baton Rouge Parish Clerk of Court

Page 1 of 1

2425-17-001006

# CITATION

| | |
|---|---|
| **MICHAEL JOHNSON ET AL**<br>(Plaintiff) | **NUMBER  C658636 SECTION 23** |
| **vs.** | **19th JUDICIAL DISTRICT COURT** |
| **PACKAGING CORPORATION OF<br>AMERICA ET AL**<br>(Defendant) | **PARISH OF EAST BATON ROUGE**<br><br>**STATE OF LOUISIANA** |

TO: **PACKAGING CORPORATION OF AMERICA<br>THROUGH THEIR AGENT FOR SERVICE OF PROCESS:<br>CT CORPORATION SYSTEMS**

GREETINGS:

    Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

    You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.

    If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

    This citation was issued by the Clerk of Court for East Baton Rouge Parish on 31-JUL-2017.

*Tracy Hewitt*
_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

**Requesting Attorney: J KYLE FINDLEY**

Also attached are the following documents:
**PETITION FOR DAMAGES**

---

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**CT CORPORATION SYSTEMS:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

| | |
|---|---|
| **SERVICE:**   $_____ | I made service on the named party through the |
| **MILEAGE**   $_____ | _____ |
|       $_____ | Deputy Sheriff    CT Corporation |

**CITATION - 2425**

AUG 0 2 2017

by tendering a copy of this document to
☐ Jeannine Beauregard  ☑ Brenna Beauregard
☐ ☐ Alyson Reed

*E. Cummins*
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

EBR4121813

EBR4281052

East Baton Rouge Parish Clerk of Court

Page 1 of 1

![A1]

## Arnold & Itkin LLP
### TRIAL LAWYERS

August 2, 2017

**POSTED**

AUG - 4 2017

**Via Federal Express**
Honorable Doug Welborn
East Baton Rouge Clerk of Court
300 North Blvd.
Baton Rouge, LA 70801

     Re:   No. 658636; *Michael Johnson, et al v. Packaging Corporation of America, Et Al.*
            19th Judicial Court of Baton Rouge Parish, Louisiana

Dear Mr. Welborn:

     Please find enclosed for filing: Plaintiffs' First Amended Petition for Damages.

     Our firm's check in the amount of $45.00 is enclosed for the filing fee.

     Please return the file-stamped copies back to me by using the enclosed prepaid Fed Ex envelope. Should you have any questions or concerns, please do not hesitate to call.

                Very truly yours,

                Kristina McDonald
                *Assistant to Kyle Findley*

/klm
Enclosures



19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 658636                                                    SEC. 23

MICHAEL JOHNSON, ET AL.

VERSUS

PACKAGING CORPORATION OF AMERICA, ET AL.

PLAINTIFFS' FIRST AMENDED PETITION FOR DAMAGES

I. PLAINTIFFS

1.     Plaintiff **Michael Johnson** is a person of full age and majority that resides in Louisiana.

2.     Plaintiff **Charles Cunningham** is a person of full age and majority that resides in Louisiana.

3.     Plaintiff **Jerry Bailey** is a person of full age and majority that resides in Louisiana.

4.     Plaintiff **Eric Woodard** is a person of full age and majority that resides in Louisiana.

5.     Plaintiff **Michael Darbonne** is a person of full age and majority that resides in Louisiana.

6.     Plaintiff **Michael McCullough** is a person of full age and majority that resides in Louisiana.

7.     Plaintiff **Demon Benjamin** is a person of full age and majority that resides in Texas.

8.     Plaintiff **Pamela Green** is a person of full age and majority that resides in Texas.

II. DEFENDANTS

9.     Defendant **Packaging Corporation of America** ("PCA") is an Illinois corporation licensed to do business in the State of Louisiana. The Court may exercise personal jurisdiction over PCA because it does a substantial amount of business in Louisiana. PCA's continuous and systematic contacts with Louisiana justify the exercise of general jurisdiction. The Court may exercise personal jurisdiction over PCA because PCA's contacts with Louisiana arising out of this explosion justifies the Court also exercising specific jurisdiction. PCA may be served through its registered agent, C T Corporation System, at 3867 Plaza Tower Drive, Baton Rouge, LA 70816.

10.    Defendant **Boise Packaging & Newsprint, LLC** ("Boise P&N") is organized in Delaware and has a principal office in Illinois. Boise P&N is licensed to do business in the State of Louisiana. The Court may exercise personal jurisdiction over Boise P&N because it does a substantial amount of business in Louisiana. Boise P&N's continuous and systematic contacts with Louisiana justify the exercise of general jurisdiction. The Court may exercise personal jurisdiction over Boise P&N because Boise P&N's contacts with Louisiana arising out of this explosion justifies the Court also exercising specific jurisdiction. Boise P&N may be served through its registered agent C T Corporation System, at 3867 Plaza Tower Drive, Baton Rouge, LA 70816.

11.    Defendant **Boise, Inc.** is organized in Delaware and has a principal office in Illinois. The Court may exercise personal jurisdiction over Boise, Inc. because it does a substantial amount of business in Louisiana. Boise, Inc.'s continuous and systematic contacts with Louisiana justify the exercise of general jurisdiction. The Court may exercise personal jurisdiction over Boise, Inc. because Boise, Inc.'s contacts with Louisiana arising out of this explosion justifies the Court also exercising specific jurisdiction. Boise, Inc. may be served through its registered agent C T Corporation System, at 208 South Lasalle Street, Suite 814, Chicago, IL 60604.

12.    Defendant **Eric Snelgrove** may be served at his residence located at 1618 Oak Ridge Drive, Leesville, LA 71446, or wherever he may be found.

13.    Defendant **Rick Butterfield** may be served at his residence located at 220 Wyatt Drive, Kelso, Washington 98626, or wherever he may be found.

### III. NATURE OF ACTION

14.    Plaintiffs brings negligence, gross-negligence, premises-liability, and intentional tort claims against Defendants related to a plant explosion that occurred in Beauregard Parish.

### IV. JURISDICTION AND VENUE

15.    Jurisdiction is proper in this Court because the conduct that caused Plaintiffs' damages and injuries occurred in Louisiana. La. Rev. Stat. § 13:3201.

16.    Venue is proper in this Court under article 42 and article 73 of the Louisiana Code of Civil Procedure as one or more of the Defendants, who are joint and/or solidary tortfeasors, maintain a principal business establishment in East Baton Rouge.

2

## V. FACTUAL ALLEGATIONS

17.    On or around February 8, 2017, Plaintiffs suffered severe and debilitating injuries while working at a paper and containerboard mill located at 420 Highway 190 West, DeRidder, Louisiana ("the Deridder mill"). Upon information and belief the Deridder mill is owned by Defendant Boise P&N, and operated by Defendant PCA. Additionally, Defendant Eric Snelgrove was the mill manager at the time of the incident, and Defendant Rick Butterfield was responsible for safety at the mill on the date of the explosion.

18.    On the date in question, Plaintiffs were working at the Deridder mill performing work during a shutdown when two tanks violently exploded.  Tragically, three individuals were killed in the blast and many were injured, including Plaintiffs herein.

19.    While both the United States Chemical Safety Board ("CSB") and Occupational Safety and Health Administration ("OSHA") are still investigating the explosion, it is clear that Defendants failed to provide Plaintiffs a safe workplace, as well as were responsible for owning, operating, maintaining and inspecting the equipment and tanks that ultimately exploded and caused harm. To compound matters, Defendants have previously experienced a similar incident involving an explosion of one of its tanks in 2008 at the Defendants' Tomahawk, Wisconsin facility, which also resulted in serious injuries and deaths.  Defendants knew of the hazard, and proceeded with endangering the health and safety of Plaintiffs, causing the debilitating injuries for which the Plaintiffs now sue.

## VI. CAUSES OF ACTION

### A. *Negligence and Gross-Negligence (against all Defendants)*

20.    Plaintiffs repeat and reallege each allegation contained above.

21.    Plaintiffs were injured because of Defendants' negligence and gross negligence when Defendants:

   a.   failed to properly inspect equipment;

   b.   failed to provide adequate warning of known and/or potential hazards;

   c.   failed to provide adequate medical care;

   d.   failed to implement adequate safety procedures;

   e.   failed to have adequate emergency response procedures in place;

   f.   failed to ensure the equipment was reasonably safe;

   g.   failed to properly operate equipment;

   h.   failed to exercise adequate due diligence in the selection of equipment;

3

    i.  failed to exercise adequate due diligence in the placement of equipment;

    j.  failed to provide proper/safe equipment;

    k.  failed to properly train;

    l.  failed to properly eliminate hazards associated with work;

    m.  failed to act prudently with job tasks;

    n.  failed to properly supervise its employees and/or subsidiary;

    o.  failed to provide a safe working environment;

    p.  violated applicable rules and regulations; and

    q.  committed other negligent and grossly negligent acts.

22.    In addition, Defendants are vicariously liable for the negligent acts of their employees, agents and/or contractors.

23.    Defendants owed a duty consistent with the aforementioned and breached each of the foregoing duties, through their own acts and omissions and through those for whom Defendants are responsible. These breaches were the cause in fact and legal cause of Plaintiffs' injuries. As a result of Defendants' negligence, Plaintiffs suffered severe injuries that will affect them every day of the rest of their lives. Plaintiffs are entitled to recover for their injuries since they in no part contributed to these injuries.

**B.** **_Premises-Liability Claims (Against the Defendant Boise P&N)_**

24.    Plaintiffs repeat and reallege each allegation contained above.

25.    Boise P&N owned, occupied, and/or controlled the area where Plaintiffs were injured.

26.    The condition of the area where Plaintiffs were injured posed unreasonable risks of harm, and Boise P&N had actual knowledge or reasonably should have known of the unreasonably dangerous conditions.

27.    Plaintiffs did not know of the unreasonably dangerous conditions. Plaintiffs were invitees who entered the premises for the benefit of Boise P&N, and with their knowledge. Boise P&N owed a duty to inspect and warn of the unreasonably dangerous conditions, or make the unreasonably dangerous conditions reasonably safe. Boise P&N breached this duty by failing to warn Plaintiffs of the known, unreasonably dangerous conditions and by failing to make these conditions reasonably safe, which actions, in the exercise of reasonable care, could have prevented Plaintiffs' injuries in whole or in part.

28.    Boise P&N's breaches of the above mentioned duties were the cause in fact and legal cause of Plaintiffs' injuries.

### C. *Intentional Tort (against the Defendants)*

29.    Plaintiffs repeat and reallege each allegation contained above.

30.    Additionally, the Defendants knew the incident sued on herein was substantially certain to occur given the Defendants' prior knowledge of hazards related to flammable and combustible emissions from tanks related to mill operations. The safety rules and regulations in place created by the various Defendants required that the tank should have been sealed, and operations that provided a source of ignition should not have been conducted near tanks full of dangerous and flammable gases. Further, applicable rules and regulations did not permit these actions to occur. Despite these rules, regulations, laws, and common sense, the Defendants consciously disregarded such, and ordered work to occur near tanks containing these dangerous hazards that provided sources of ignition. As such, the Defendants are liable for the consequences of their actions.

31.    Moreover, the Defendants knew that workers were present Deridder mill, including those working near the subject tanks that exploded, at the time hot work was being performed. The Defendants were consciously aware that they were required to clear the area of potential hazards prior to hot work, as a similar incident occurred at another facility owned and operated by Defendants in Tomahawk, Wisconsin in 2008. Moreover the Tomahawk, Wisconsin incident also resulted in serious injuries and deaths of multiple workers. This was from hot work being performed near tanks that were emitting dangerous gases. The Defendants were also aware that they were required to ensure no dangerous gases were being emitted at or near hot work at the Deridder mill on the date of the incident with workers located nearby. The Defendants had knowledge that workers were present at the facility and performing hot work near the tanks that exploded. Despite all of this knowledge, the Defendants proceeded to order the Plaintiffs and other workers to work, while simultaneously allowing hot work operations to occur near tanks that they knew were emitting dangerous gases, as well as knew had a history of emitting gases, without first checking and/or ensuring the area was clear of severe hazards. Therefore, the Defendants knew the tanks were substantially certain to cause Plaintiffs to suffer significant and life threatening injuries. As such, the Defendants are liable for their intentional torts. Further, these acts and omissions were the cause in fact and legal cause of Plaintiffs' injuries.

5

## VII. DAMAGES

32.    As a result of the incident sued on herein, Plaintiffs suffered severe and permanent injuries, including but not limited to burns, orthopedic injuries, posttraumatic stress disorder, and mental distress, which injuries have caused and will likely cause Plaintiffs residual disability, past and future disfigurement, past and future scarring, past and future pain and suffering, past and future mental anguish and distress, past and future loss of enjoyment of life, past and future medical expenses, past lost earnings, future loss of earning capacity, past and future physical impairment.

33.    Plaintiffs' damages exceed the amount necessary for a jury and therefore Plaintiffs demand a trial by jury.

**WHEREFORE,** Plaintiffs prays that Defendants be cited to appear and answer this petition and that, after due proceedings be had, there be judgment entered herein (1) in favor of the Plaintiffs and against each of the Defendants, jointly and/or solidarily, and (2) awarding all special and general damages to which the Plaintiffs are entitled, under any theory whatsoever, whether or not pleaded, including:

- Past and future medical expenses, care, and/or damages;
- Past and future loss of wages and earning capacity;
- Past and future physical pain and suffering and mental anguish;
- Past and future loss of enjoyment of life;
- Past and future impairment and disability;
- Past and future scarring and disfigurement;
- Costs of Court;
- Pre and Post Judgment interest.

Respectfully Submitted,

ARNOLD & ITKIN LLP

By: _____

J. Kyle Findley
Bar Roll No. 34922
kfindley@arnolditkin.com
Kala Sellers
Bar Roll No. 36182
ksellers@arnolditkin.com
Adam Lewis
Bar Roll No. 37492
alewis@arnolditkin.com
6009 Memorial Drive
Houston, TX 77007
Tel: (713) 222-3800
Fax: (713) 222-3850


A. M. "Tony" Clayton (#21191)
Michael P. Frugé (#26287)
Richard J. Ward, III (#32267)
CLAYTON, FRUGÉ & WARD
3741 La. Highway 1 South
Port Allen, LA 70767
Telephone: (225) 344-7000
Facsimile: (225) 383-7631

**ATTTORNEYS FOR PLAINTIFFS**

FILED
EAST BATON ROUGE PARISH, LA
2017 AUG -3 PM 3: 19



**BIENVENU**
**BONNECAZE**
**FOCO** APLLC
**& VIATOR**
**HOLINGA**

SHAUNA VALLET
Legal Assistant

(225) 388-5601 TELEPHONE
(225) 388-5622 FACSIMILE
shauna.vallet@bblawla.com

August 21, 2017

**Via Fax and U.S. Mail**

Clerk of Court
19th JDC, EBR Parish
P.O. Box 1991
Baton Rouge, LA 70821-1991

Re:  *Michael Johnson, et al v. Packaging Corp of America, et al*
     No. 658636, Section 23, 19th JDC, East Baton Rouge Parish

Dear Clerk of Court:

Enclosed, for fax filing, please find Packaging Corp. of America, Inc. and Boise Packaging & Newsprint, LLC's Original Answer and Affirmative Defenses. Please file this document into the court's record and return one file stamped copy to me in the self-addressed stamped envelope. Also, enclosed please find a check to cover the filing fees associated with this request.

If you have any questions please do not hesitate to call.

Sincerely,

Bienvenu Bonnecaze

*Shauna Vallet*

Shauna Vallet
Legal Assistant to David M. Bienvenu, Jr.
and Lexi T. Holinga

SLV

Enclosures

cc: All Counsel of Record (via Email)

210 Bluebonnet Blvd., Baton Rouge, LA 70809   •   225.388.5600   •   225.388.5622   •   bblawla.com

EBR4318028

STATE OF LOUISIANA

NINTEENTH JUDICIAL DISTRICT COURT

EAST BATON ROUGE PARISH

| | |
|---|---|
| MICHAEL JOHNSON, ET AL. | DOCKET NO. 658636 |
| VERSUS | DIVISION 23 |
| PACKAGING CORPORATION OF | |
| AMERICA, ET AL. | |

<u>DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES</u>

Packaging Corp. of America, Inc. ("PCA") and Boise Packaging & Newsprint, LLC ("Boise P&N;" together with PCA, the "Answering Defendants"), file the following answer to plaintiffs' Petition for Damages ("plaintiffs' petition"):

<u>ANSWER</u>

1.

The allegations of paragraphs number 1 through 7 are denied for lack of knowledge or information sufficient to form a belief.

2.

Paragraph 8 is a legal conclusion for which no answer is required. To the extent an answer is required, the Answering Defendants admit the allegations of the last sentence of paragraph 8 and admit that PCA is licensed to do business in the State of Louisiana. Except as admitted, the allegations of paragraph 8 are denied.

3.

Paragraph 9 is a legal conclusion for which no answer is required. To the extent an answer is required, the Answering Defendants admit the last sentence of paragraph 9 and that Boise P&N was organized in Delaware and had its principal office in Illinois at the time of the subject incident. Except as admitted, the allegations of paragraph 9 are denied.

4.

Paragraph 10 is a legal conclusion for which no answer is required. To the extent an answer is required, the Answering Defendants admit the last sentence of paragraph 10 and that

Boise, Inc. was organized in Delaware and had its principal office in Illinois at the time of the subject incident.   Except as admitted, the allegations of paragraph 10 are denied.

5.

Paragraph 11 is a legal conclusion for which no answer is required.   To the extent an answer is required, the Answering Defendants admit, upon information and belief, that Eric Snelgrove's residence is located at the address alleged in paragraph 11.

6.

Paragraph 12 is a legal conclusion for which no answer is required.   To the extent an answer is required, the Answering Defendants admit, upon information and belief, that Rick Butterfield maintains a residence at the address alleged in paragraph 12.

7.

Answering paragraph 13, the Answering Defendants admit that plaintiffs' claims arise out of an incident allegedly occurring in Beauregard Parish, Louisiana and that the Original Petition, including the claims asserted therein, is in writing and speaks for itself.   Except as admitted, the allegations of paragraph 13 are denied.

8.

Paragraph 14 is a legal conclusion for which no response is required.   To the extent an answer is required, the Answering Defendants admit that the subject incident occurred in Louisiana. Except as admitted, the allegations are denied.

9.

Paragraph 15 is a legal conclusion for which no response is required.   To the extent an answer is required, the allegations of paragraph 15 are denied.

10.

Answering paragraph 16, the Answering Defendants admit that there was an incident at PCA's paper and container mill located at 420 Highway 190 West, DeRidder, Louisiana (the "DeRidder mill") on February 8, 2017, and that, at that time, Defendant Eric Snelgrove was the manager of the DeRidder mill and Defendant Rick Butterfield was a Safety Manager for PCA. Except as admitted, the allegations of paragraph 16 are denied.

11.

Answering paragraph 17, the Answering Defendants admit that, upon information and belief, some or all of the plaintiffs were performing work at the DeRidder mill on or about

February 8, 2017, during the DeRidder mill's annual outage, and that an explosion occurred on such date resulting in injuries and three fatalities.   Except as admitted, the allegations of paragraph 17 are denied.

12.

Answering paragraph 18, the Answering Defendants admit that the United States Chemical Safety Board and Occupational Safety and Health Administration investigated the subject incident.   Except as admitted, the allegations of paragraph 18 are denied.

13.

The Answering Defendants re-allege and incorporate by reference their answers and responses in paragraphs 1 through 18, above.

14.

Paragraph 20 and all subparts therein are denied.

15.

Paragraph 21 is a legal conclusion and no answer is required.   To the extent and answer is required, the allegations of paragraph 21 are denied.

16.

Paragraph 22 is denied.

17.

The Answering Defendants re-allege and incorporate by reference its answers and responses in paragraphs 1 through 22, above.

18.

The Answering Defendants admit that, on the day of the incident, Boise P&N owned the DeRidder mill.   Except as admitted, the allegations of paragraph 24 are denied.

19.

Paragraphs 25 though 27 are denied.

20.

The Answering Defendants re-allege and incorporate by reference its answers and responses in paragraphs 1 through 27, above.

21.

Paragraphs 29 through 32 are denied.

## AFFIRMATIVE DEFENSES

AND NOW, in further responding to plaintiffs' petition, the Answering Defendants aver as follows:

I.

The Answering Defendants assert that plaintiffs cannot recover in tort because plaintiffs' exclusive remedy under Louisiana law, which applies to this action, is the recovery of workers' compensation benefits. La. R.S. § 23:1032(a).

II.

The Answering Defendants were the statutory employer of plaintiffs pursuant to La. R.S. 23:1031, *et seq.*, and are, therefore, statutorily immune from this suit under those and other applicable provisions of the Louisiana Worker's Compensation Law. The contracts governing the relationship between the Answering Defendants and each of plaintiffs' employers identifies the Answering Defendants as the statutory employer of plaintiffs' employers' employees. The Answering Defendants are therefore immune from tort liability. La. R.S. § 23:1061(A)(3).

III.

The Answering Defendants deny that they, or anyone for whose actions it may be responsible, in any way caused or contributed to the damages alleged in plaintiffs' petition, but on the contrary, avers that damages, if any, were caused by the fault, negligence or want of care of persons for whose actions the Answering Defendants are not legally responsible, which fault, negligence or want of care is pled in bar or diminution of any recovery by plaintiffs herein against the Answering Defendants.

IV.

Plaintiffs failed to mitigate their alleged damages as required by law.

V.

The Answering Defendants plead assumption of the risk as barring or reducing plaintiffs' recovery herein.

VI.

The Answering Defendants deny that they owed any duty to plaintiffs. Alternatively, to the extent the Answering Defendants may have owed a duty to plaintiffs (which is denied), the Answering Defendants did not breach such a duty.

VII.

Plaintiffs' alleged injuries were not foreseeable to the Answering Defendants, and plaintiffs were not within the categories of people known to be at risk of exposure to the allegedly hazardous conditions at issue.

VIII.

The injuries, disabilities, losses or damages complained of were caused by preexisting conditions over which the Answering Defendants had no control and for which the Answering Defendants are not responsible and may not be held liable.

IX.

Any illness, injury, disability, losses or damage from which the plaintiffs may suffer is the result of independent, superseding or intervening acts by others over whom the Answering Defendants had no control or responsibility. Such causes bar or, in the alternative, reduce any recovery to which plaintiffs might otherwise be entitled to against the Answering Defendants.

X.

The Answering Defendants aver they had no knowledge of any alleged unsafe condition on the premises.

XI.

Plaintiffs' alleged claims of injuries and damages, if any, were the result of an unavoidable accident.

XII.

The Answering Defendants adopt and incorporate by reference, as if copied here *in extenso*, all, if any, affirmative defenses and exceptions that may apply to the Answering Defendants and are not specifically set out in its Answer, but asserted by any other Defendant in this case at any time during the course of this litigation.

XIII.

The Answering Defendants reserve the right to assert additional affirmative defenses and file additional answers, third-party petitions, counter-claims or cross-claims as they become evident during the course of this litigation.

. **WHEREFORE, THE ANSWERING DEFENDANTS** pray that this Answer be deemed good and sufficient and, after due proceedings are had, that there be judgment herein in its favor and against plaintiffs dismissing this lawsuit, with prejudice and at plaintiffs' sole cost, and further prays for all relief which is just and equitable under the premises and for notice of trial.

Respectfully submitted,

Bienvenu, Bonnecaze, Foco, Viator & Holinga, APLLC

By _____

David M. Bienvenu, #20700
Lexi T. Holinga, No. #30096
4210 Bluebonnet Blvd.
Baton Rouge, LA 70809
Phone: (225) 388-5600
Fax: (225) 388-5622

*Attorneys for Defendants Packaging Corp. of America, Inc. and Boise Print & Newspaper, LLC*

### - CERTIFICATE -

I certify that a copy of the foregoing was this day mailed, postage prepaid, or e-mailed to all counsel of record.

Baton Rouge, Louisiana, this 21st day of August 2017.

_____

David M. Bienvenu



B I E N V E N U
B O N N E C A Z E
F O C'O   APLLC
V I A T O R
& H O L I N G A

SHAUNA VALLET
Legal Assistant

(225) 388-5607   TELEPHONE
(225) 388-5622   FACSIMILE
shauna.vallet@bblawla.com

August 21, 2017

**Via Fax and U.S. Mail**

Clerk of Court
19th JDC, EBR Parish
P.O. Box 1991
Baton Rouge, LA 70821-1991

Re:  *Michael Johnson, et al v. Packaging Corp of America, et al*
     No. 658636, Section 23, 19th JDC, East Baton Rouge Parish

Dear Clerk of Court:

Enclosed, for fax filing, please find Eric Snelgrove and Rick Butterfield's
Peremptory Exception of No Cause of Action and Dilatory Exception of Vagueness. Please
file this document into the court's record and return one file stamped copy to me in the
self-addressed stamped envelope. Also, enclosed please find a check to cover the filing
fees associated with this request.

If you have any questions please do not hesitate to call.

Sincerely,

Bienvenu Bonnecaze

*Shauna Vallet*

Shauna Vallet
Legal Assistant to David M. Bienvenu, Jr.
and Lexi T. Holinga

SLV

Enclosures

cc: All Counsel of Record (via Email)

1210 Bluebonnet Blvd., Baton Rouge, LA 70809    •    225.388.5600    225.388.5622    •    bblawla.com

NINETEENTH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

| | |
|---|---|
| MICHAEL JOHNSON, ET AL | DOCKET NO. 658636 |
| VERSUS | DIVISION 23 |
| PACKAGING CORPORATION OF AMERICA, ET AL | |

**PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION AND DILATORY EXCEPTION OF VAGUENESS ON BEHALF OF DEFENDANTS ERIC SNELGROVE & RICK BUTTERFIELD**

NOW INTO COURT, through undersigned counsel, come Defendants, Eric Snelgrove and Rick Butterfield, who file this Peremptory Exception of No Cause of Action and Dilatory Exception of Vagueness, for the reasons contained in the memorandum in support filed concurrently herewith.

In accordance with Uniform District Court Rule 9.8(a), Defendants, Eric Snelgrove and Rick Butterfield, state that: (1) this case has not been set for trial, and (2) no testimony will be offered at the hearing on this exception.

WHEREFORE, Defendants, Eric Snelgrove and Rick Butterfield, pray that these Exceptions be set for hearing and, that after all due proceedings are had, that this exception be sustained and that Plaintiffs' claims against Defendants, Eric Snelgrove and Rick Butterfield, be dismissed.

– 1 –

00070079
US_128060265v1_320128-00011 0/0/0000 0:00 AM

Respectfully submitted,

Bienvenu, Bonnecaze, Foco, Viator &
Holinga, APLLC

By
David M. Bienvenu, #20700
Lexi T. Holinga, No.
4210 Bluebonnet Blvd.
Baton Rouge, LA 70809
Phone: (225) 388-5600
Fax: (225) 388-5622

*Attorneys for Defendants Eric Snelgrove
and Rick Butterfield*

— **CERTIFICATE** —

I hereby certify that a copy of the above has been mailed, postage prepaid and correctly

addressed, and emailed to plaintiff's counsel and emailed to all known defense counsel of record.

Baton Rouge, Louisiana, this 21st day of August, 2017

David M. Bienvenu



– 2 –

### NINTEENTH JUDICIAL DISTRICT COURT

### PARISH OF EAST BATON ROUGE

### STATE OF LOUISIANA

| | |
|---|---|
| **MICHAEL JOHNSON, ET AL** | **DOCKET NO. 658636** |
| **VERSUS** | **DIVISION 23** |
| **PACKAGING CORPORATION OF AMERICA, ET AL** | |

#### MEMORANDUM IN SUPPORT OF PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION AND DILATORY EXCEPTION OF VAGUENESS ON BEHALF OF DEFENDANTS ERIC SNELGROVE & RICK BUTTERFIELD

#### INTRODUCTION

Plaintiffs, with no defined legal relationship with any defendant, filed this lawsuit on June 12, 2017, against Packaging Corporation of America ("PCA"), Boise Packaging & Newsprint, LLC ("Boise P&N"), Boise Inc., Eric Snelgrove, and Rick Butterfield seeking damages for injuries resulting from an explosion that occurred on February 8, 2017, at a paper and containerboard mill located in DeRidder, Louisiana. The petition alleges that the DeRidder mill is owned by Boise P&N and operated by PCA.

Plaintiffs' only allegation specific to Eric Snelgrove is that he was the mill manager at the time of the incident.[1] The only allegation specific to Rick Butterfield is that he was responsible for safety at the mill at the time of the incident.[2] The only allegation specific to the plaintiffs is that they were working at the DeRidder mill performing work during a shutdown.[3] No other allegations are made tying the conduct or legal responsibility of Eric Snelgrove or Rick Butterfield to the injuries allegedly sustained by the plaintiffs. Eric Snelgrove and Rick Butterfield plead the peremptory exception of no cause of action because the petition does not plead a factual basis or legal relationship with the plaintiffs sufficient to create any potential liability against these defendants in their respective capacities. In the alternative, Mr. Snelgrove and Mr. Butterfield assert the exception of vagueness, based on their inability to respond to the allegations made against them because the allegations are so broad and ill defined.

---

[1]   Petition, ¶ 16.
[2]   Petition, ¶ 16.
[3]   Petition, ¶ 17.

– 3 –

00070079
US_128060265v1_320128-00011 0/0/0000 0:00 AM

## LEGAL STANDARD

The peremptory exception raising the objection of no cause of action tests the legal sufficiency of a pleading.[4] The focus of the exception is on whether the law extends a remedy against the defendant to anyone under the factual allegations pleaded.[5] The exception is tried on the face of the pleadings, and all well pleaded facts are accepted as true.[6] When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

## ARGUMENT

### A. PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION AGAINST ERIC SNELGROVE OR RICK BUTTERFIELD BECAUSE THEY FAIL TO ALLEGE FACTS GIVING RISE TO A PERSONAL DUTY OWED TO PLAINTIFFS

Plaintiffs have failed to properly state a cause of action for "executive officer" liability against Eric Snelgrove or Rick Butterfield as defined by Louisiana law. The Louisiana Supreme Court has repeatedly insisted that liability cannot be imposed upon a managerial employee simply because a plaintiff has been injured in the workplace, nor can liability be imposed upon a co-employee who does not have a personal duty, delegated to him by the corporation, of providing the plaintiff with a reasonably safe work environment, the breach of which causes the plaintiff's damages.[7] In *Canter v. Koehring Co.*, the Louisiana Supreme Court set forth the elements of a cause of action against an executive officer of a corporation:

> 1. The principal or employer owes a duty of care to the third person (which in this sense includes a co-employee), breach of which has caused the damage for which recovery is sought.
>
> 2. This duty is delegated by the principal or employer to the defendant.
>
> 3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence

---

[4]   *Naquin v. Bollinger Shipyards, Inc.*, 2013-1638 (La. App. 1 Cir. 5/2/14), 147 So. 3d 207, 209, *writ denied*, 2014-1091 (La. 9/12/14), 148 So. 3d 933.

[5]   *Indus. Companies, Inc. v. Durbin*, 2002-0665 (La. 1/28/03), 837 So. 2d 1207, 1213.

[6]   *Id*

[7]   *Canter v. Koehring Co.*, 283 So. 2d 716 (La. 1973); *Pisciotta v. Allstate Ins. Co.*, 385 So. 2d 1176 (La. 1980); *Lytell v. Hushfield*, 408 So. 2d 1344 (La. 1982); *Brown v. White*, 430 So. 2d 16 (La. 1982); *Esco v. Smith*, 468 So. 2d 1169 (La. 1985).

– 4 –