UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL JOHNSON, ET AL | CIVIL ACTION NO. 3:18-CV-00613 |
| VERSUS | JUDGE SHELLY D. DICK |
| PACKAGING CORP. OF AMERICA, INC., ET AL | MAGISTRATE ERIN WILDER-DOOMES |

# STATUS REPORT

**A.    JURISDICTION**

Jurisdiction is predicated upon 28 U.S.C. § 1332 (diversity jurisdiction).

**B.    BRIEF EXPLANATION OF THE CASE**

1.    Plaintiff claims:

[_TO BE INSERTED BY PLAINTIFFS_]

2.    Defendant claims:

An explosion occurred at the Packaging Corporation of America, Inc. ("PCA") DeRidder plant on February 8, 2017. The explosion occurred in an area where employees of Elite Specialty Welding ("Elite") were performing hot work and resulted in the deaths of three Elite employees. Several other Elite and Top Deck employees claimed to have been injured. This suit for alleged injuries is brought by nine plaintiffs – 7 of whom were Elite employees and 2 of whom were Top Deck employees. This suit is one of 16 lawsuits which arose from the February 8, 2017 incident. Ten of these lawsuits were filed in Louisiana: eight remain pending in the USWD, one in the USMD, and one in Beauregard Parish. Three other suits remain pending in Texas and one in Clarke County, Alabama.

*Plaintiffs are barred from recovery in tort because PCA was the statutory employer of the plaintiffs at the time of the incident:* At the time of the explosion, plaintiffs were statutory employees of PCA under La. Rev. Stat. 23:1061. Therefore, Plaintiffs' claims are barred by the exclusive remedy provisions of the Louisiana Workers' Compensation Act. La. Rev. Stat. 23:1031. Defendant has filed a motion for summary judgment based on statutory employer.

*Plaintiffs' status as bystanders under Louisiana law limits or bars their recovery for psychological damages:* Several plaintiffs claim psychological damages stemming from their arriving upon and viewing the scene of the explosion after it occurred. As the persons who died in the explosion were not related to plaintiffs as necessary under La. C.C. art. 2315.6, those plaintiffs outside the zone of danger cannot recover for alleged mental anguish based on their viewing the aftermath of the explosion. Because these plaintiffs were distanced from the actual explosion when it occurred and not in the zone of danger, they are bystanders under Louisiana law.

*Comparative fault reduces or bars plaintiffs' potential recovery:* Third parties' actions—including actions of certain persons employed by Elite Specialty Welding LLC—were wholly or partially responsible for causing the subject explosion.

*Plaintiffs' claimed physical injuries were not related to the incident:* Plaintiffs' alleged physical injuries are suspect and highly questionable. Most plaintiffs initially sought treatment for alleged physical injuries some six to nine months after the explosion and only after they retained counsel.

*Plaintiffs' claimed psychological injuries are suspect and likely inflated:* Plaintiffs' claimed psychological injuries are suspect and highly questionable. Plaintiffs sought

psychological treatment with the same mental health provider, and their psychological prognoses are very similar. Nearly all the prognoses contain recommendations for 10 years of counseling, among other things. Moreover, Plaintiffs' psychological records contain questionable long-term "work excuses" and note external factors not related to the sued-upon incident that caused or contributed to Plaintiffs' alleged psychological conditions.

**C.   PENDING MOTIONS**

List any pending motion(s), the date filed, and the basis of the motion(s):

Defendant:

- *Motion for Summary Judgment based on Statutory Employer* (R. Doc. 32 – filed 2/7/2020)

**D.   ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

*By Defendants:*

- Whether plaintiffs were statutory employees of PCA at the time of the incident thus barring them from tort recovery.

- Plaintiffs' status as bystanders under Louisiana law and whether they may maintain claims for psychological damages related to their alleged viewing of the incident scene following the explosion.

- The nature and extent of Plaintiffs' claimed injuries.

- Medical causation of Plaintiffs' claimed injuries.

- Comparative fault of third parties, including, without limitation, Elite Specialty Welding, LLC.

**E.    DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

    1.    **Plaintiff's calculation of damages:**

    2.    **Defendant's calculation of offset and/or plaintiff's damages:**

       N/A

    3.    **Counterclaimant/cross claimant/third party's calculation of damages:**

       N/A

**F.    SERVICE:**

There are no unresolved issues as to waiver or service of process, personal jurisdiction, or venue.

**G.    DISCOVERY**

    1.    **Initial Disclosures:**

       A.    Have the initial disclosures required under FRCP 26(a)(1) been completed?

           [X] YES    [ ] NO

In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the

scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

B.   Do any parties object to initial disclosures?

[ ] YES    [X] NO

*As to Defendants only.*

For any party who answered *yes*, please explain your reasons for objecting.

2.   **Briefly describe any discovery that has been completed or is in progress:**

By Plaintiff(s):

- Deposition of Rick Butterfield – Complete.

- Deposition of Eric Snelgrove – Complete.

- Written discovery responses from Defendants including receipt of PCA's production of documents PCA-0000001 through PCA-0010239 – Complete.

- Rule 26 Disclosures – Complete.

- Additional discovery related to the statutory employer defense made subject of PCA's pending Motion for Summary Judgment. – Pending. *[Per Defendants]*

By Defendant(s):

- Rule 26 Disclosures – Complete.

- Written discovery responses from Plaintiffs, including receipt of Plaintiffs' production of medical records from various health care providers – Complete.

- Additional discovery related to Plaintiffs' opposition to the Statutory Employer defense made subject of PCA's pending Motion for Summary Judgment (if necessary).

3. **Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery.** (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)

*By Plaintiff(s):*

[PLAINTIFF TO INSERT]

*By Defendant(s):*

Defendants request a discovery schedule similar to the uniform statutory-employer discovery-schedule implemented by Judge Cain in six of the seven personal injury cases pending in the Western District of Louisiana. Judge Cain limited discovery to the statutory employer issue as it will determine whether additional discovery is necessary. Plaintiffs in this case have been provided all documents produced by PCA in the Western District Cases. The statutory employer motions for summary judgment pending in the USWD have been fully briefed and are set for oral argument on June 3, 2020.

In six of the seven pending Western District personal injury cases,[1] Judge Cain facilitated the coordination of discovery limited to the statutory employer issue, as it is potentially dispositive. Because all six of these cases involved a statutory employer defense and motions for summary judgment on that defense, the parties agreed to consolidate and limit discovery to avoid unnecessary costs, duplication of efforts, and inconvenience of witnesses who could otherwise be noticed or subpoenaed for testimony many times. Those plaintiffs propounded discovery limited to the pending motions for summary judgment on statutory employer status—in particular—only on the issue of *whether PCA is entitled to the statutory employer presumption.*

Judge Cain, along with the parties in these six cases, recognized that pursuing unlimited discovery while the statutory employer motions for summary judgment were pending could waste significant time, costs, and resources. That is, if PCA's motions for summary judgment are granted, plaintiffs will be limited to workers compensation benefits, and the time, costs, and resources spent on liability discovery would have been wasted.

Accordingly, Judge Cain approved a statutory-employer discovery schedule and set deadlines regarding PCA's pending statutory employer motions for summary judgment. PCA requests the same here.

The statutory-employer discovery-schedule had the following parameters:

- The parties could undertake initial discovery limited to whether PCA is entitled to the statutory employer presumption.

---

[1] *Stallworth, et al. v. Packaging Corp. of America Inc., et al*. Western District of Louisiana, 2:18-cv-00440-JDC-KK; *Gooch v. Packaging Corp. of America Inc., et al*. Western District of Louisiana, 2:18-cv-00278-JDC-KK; *Rolls v. Packaging Corp. of America Inc., et al*., Western District of Louisiana, 2:18-cv-00188-JDC-KK; *Delarosa v. Packaging Corp. of America Inc., et al*., Western District of Louisiana, 2:18-cv-00186-JDC-KK; *Ayers v. Packaging Corporation of America Inc., et. al,* Western District of Louisiana, 2:18-cv-00289; *McDaniel, et. al v. Packaging Corp. of America Inc, et. al,* Western District of Louisiana, 2:18-cv-00792-JDK-KK. Only these six involve the currently pending motions for summary judgment.

- After the submission date, a ruling will issue as to whether PCA is the presumed statutory employer of plaintiffs under La. R.S. 23:1061.

- If PCA is entitled to the statutory employer presumption, additional limited discovery will be allowed on any exception raised by plaintiffs (e.g. intentional act exception under La. R.S. 23:1031), and the court will set additional briefing periods related to such.

- If PCA's summary judgments based on statutory employer are denied, full discovery will commence.

- If PCA's summary judgments are ultimately granted, plaintiffs will be barred from pursuing the tort claims presented as their exclusive remedy will be under the Louisiana Workers' Compensation Act.

All briefing deadlines set by Judge Cain have passed, and the statutory employer motions for summary judgment are set for consolidated oral argument on June 3, 2020.

Here, just like the Western District cases, full discovery will require substantial expenditures of time, costs, and resources. And when it comes to implementing a similar statutory-employer discovery-schedule, the same rationale applies. Initially limiting discovery to statutory employer status and implementing a discovery schedule like the above will promote judicially economy, be cost efficient, avoid the waste of resources including but not limited to the time of multiple witnesses may potentially have to appear for multiple depositions in the various ongoing litigations on the same subject matter, and will not prejudice any party.

4. **Discovery from experts:**

Identify the subject matter(s) as to which expert testimony will be offered:

4813-4454-1876.2

*By Plaintiff(s):*

[PLAINTIFF TO INSERT]

*By Defendant(s):*

PCA anticipates engaging experts in the following fields:

- Cause and Origin – Forensic / Mechanical Engineering;
- Causation – Accident Reconstructionist;
- Medical Causation – Orthopedic, psychological; others as needed
- Economic Damages
- Medical Damages (Nature and Extent of Injuries).

**H.    PROPOSED SCHEDULING ORDER** *(By Defendants)*

If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline:  N/A

1) Recommended deadlines to join other parties or to amend the pleadings: N/A

2) Completion of discovery on Statutory Employer presumption issue August 30, 2020

3) Briefing on Statutory Employer Presumption

    a) Defendants – Motion and Brief filed February 10, 2020

    b) Plaintiffs Opposition – September 30, 2020

    c) Defendants' Reply – October 30, 2020

    d) Submission Date – November 15, 2020

4) Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

    Plaintiff(s): TBD

        Defendant(s): TBD + 30 days

5) Exchange of expert reports:

        Plaintiff(s): TBD

        Defendant(s): TBD + 30.

6) Completion of discovery from experts: TBD + 90

7) Filing dispositive motions and Daubert motions:

        Dispositive motions: TBD + 120

        Daubert Motions: TBD +150

8) All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters.[1] The parties should not provide any proposed dates for these remaining deadlines.

    a.    Deadline to file pre-trial order2 (approximately 16 weeks after dispositive motion deadline).

    b.    Deadline to file motions in *limine* (approximately 20-22 weeks after dispositive motion deadline).

    c.    Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

---

[1] The date ranges provided for the new deadlines, pre-trial conference, and trial date are a general guideline only. The actual dates may vary depending on the complexity of a particular case. All requests for subsequent changes to the deadlines set in the scheduling order under number 7 must be by motion directed to the presiding judge.

[2] In cases assigned to United States District Judge John W. deGravelles, prior to the filing of the pretrial order, the parties will exchange or make available for inspection all exhibits which the parties will or may introduce at trial.

4813-4454-1876.2

       d.      Deadline to submit joint jury instructions, *voir dire*, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

       e.      Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

       f.      Trial date (approximately 27-29 weeks after dispositive motion deadline).

9) If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

- The Defendants agree to the proposed deadlines above.

**I.  TRIAL**

1. **Has a demand for trial by jury been made?**

    [X]  YES    [ ] NO

2. **Estimate the number of days that trial will require.**

    Two weeks.

**J.  OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

[X]  YES    [ ] NO

    i.    If the answer is *yes*, please explain:

*By Plaintiff(s):*

[PLANTIFFS TO INSERT]

> *By Defendant(s):*
>
> - Defendants request a Status/Scheduling Conference and that discovery be stayed until such conference is held.
>
> - Defendants wish to address implementing a statutory employer discovery schedule similar to that described above.
>
> - Defendants wish to address the setting of new briefing deadlines for the pending statutory employer motion for summary judgment as per above.
>
> - Defendants wish to address Plaintiffs' pending notices of depositions of entities that are no longer in existence: Boise Inc. and Boise Packaging & Newsprint LLC.
>
> - Defendants wish to address Plaintiffs' pending notices of depositions and the limiting of such to the issue of the statutory employer presumption.
>
> - Defendants wish to address the timing and sequence of depositions in light of the ongoing COVID-19 pandemic.
>
> ii. If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report?
>
> **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**
>
> [ ] YES    [X] NO
>
> The foregoing are proposed deadlines by Defendants to which Plaintiffs have not agreed.

**K.    SETTLEMENT**

1. **Please set forth what efforts, if any, the parties have made to settle this case to date.**

   Plaintiffs made a settlement demand, which has since expired. Defendants did not counter the demand, but are evaluating plaintiffs' claimed damages.

 2. **Do the parties wish to have a settlement conference:**

   [ ] YES [X] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial?

   Defendants do not wish to have a settlement conference at this time. Defendants will provide sufficient advance notice to the Court in the event it is determined such may be helpful.

**L.** **CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge.

Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

   All parties agree to jurisdiction by a Magistrate Judge of this court:

   [ ] YES [X] NO

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the <u>attached form</u> to indicate your consent.**

Report dated: <u>5/29/20</u>

_____
J. Kyle Findley (#34922)
Adam Lewis (#37492)
ARNOLD ITKIN
6009 Memorial Drive
Houston, TX 77007
Tel: (713) 222-3800
Fax: (713) 222-3850
E-mail:KFindley@arnolditkin.com
	ALewis@arnolditkin.com

A.M. "Tony" Clayton (#21191)
Michael P. Frugé (#26287)
Richard J. Ward, III (#32267)
CLAYTON, FRUGÉ & WARD
3741 La. Highway 1 South
Port Allen, LA 70767
Telephone: (225) 344-7000
Facsimile: (225) 383-7631
*Counsel for Plaintiffs*


 /s/ Jeffrey A. Riggs_____
JEFFREY A. RIGGS (#17770)
JENNIFER E. MICHEL (#18114)
MICHAEL L. BARRAS (#30855)
LEWIS BRISBOIS BISGAARD & SMITH, LLP
100 East Vermilion St., Ste. 300
Lafayette, LA  70501
Telephone: 337.326.5777
Facsimile: 337.504.3341
E-mail:Jeff.Riggs@lewisbrisbois.com
	Jenny.Michel@lewisbrisbois.com
	Michael.Barras@lewisbrisbois.com
*Counsel for Packaging Corporation of America*

4813-4454-1876.2