UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**MICHAEL JOHNSON, ET AL.**  CIVIL ACTION

**VERSUS**  NO. 18-613-SDD-EWD

**PACKAGING CORPORATION OF AMERICA, ET AL.**

## RULING AND ORDER

Before the Court are the following motions, filed by Defendant Packaging Corporation of America ("PCA"): (1) PCA's Re-Urged Motion for Protective Order and to Quash Notice of Rule (30)(b)(6) Deposition of Packaging Corporation of America ("Motion to Quash"),[1] which seeks a protective order and to quash Plaintiffs' Notice of Intention to Take the Oral and Videotaped Deposition of the Corporate Representatives of PCA; and (2) Defendant's Re-Urged Motion to Compel Plaintiffs to Respond to Packaging Corporation of America's Third Set of Interrogatories and Requests for Production to Plaintiffs ("Motion for Discovery Responses").[2] Plaintiffs' oppose the motions[3] and PCA has filed reply memoranda.[4]

The Motion to Quash will be denied as PCA's prior representations to this Court suggest that the parties intended to limit the scope of the prior corporate deposition to issues of whether PCA was entitled to a statutory employer defense and whether any exceptions to that defense might be applicable. Additionally, the individual whom PCA claims was the corporate representative on liability issues at the prior deposition was not able to answer certain relevant liability questions. The Motion for Discovery Responses will be granted in part. Plaintiffs will be ordered to provide cell phone records for all texts, chats, emails, or other digital or written communications, sent or received by any plaintiff between February 8, 2017 and February 14, 2017 (7 days) which refer to or relate in any way to the February 8, 2017 incident, including, but not limited to, any mental or emotional

---

[1] R. Doc. 124.
[2] R. Doc. 126.
[3] R. Docs. 140 & 141.
[4] R. Docs. 148 & 153.

distress or physical injuries sustained by Plaintiffs' because of the incident. If Plaintiffs do not have responsive records, a verification under oath shall be provided so stating. Plaintiff Michael Johnson will also be required to provide a completed Request Pertaining to Military Records form to PCA to enable PCA to obtain Michael Johnson's military records related to any medical issues.  This motion will be denied in all other respects.

## I.   BACKGROUND

This is a workplace injury case.  On February 8, 2017, an explosion occurred at a paper mill located in DeRidder, Louisiana.[5]  The explosion was caused by welding above a foul condensate tank which ignited the volatile vapors in the tank. Plaintiffs were employees of contractors performing work at the mill at the time of the explosion.[6]

PCA originally filed these motions in May.[7]  The original motions were terminated after a telephone conference at which the Court provided guidance and order the parties to confer again in an attempt to resolve the issues raised in the motions without further court intervention.  PCA then filed the instant motions, which Plaintiffs oppose.

## II.   LAW AND ARGUMENT

### A.  Applicable Law

Parties may generally obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.[8] "Courts construe discovery rules liberally to serve the purposes of discovery: providing the parties with information essential to the proper litigation of all relevant facts, eliminating surprise, and promoting settlement."[9] Upon motion, a court shall issue a protective order with regard to a request for relevant discovery only upon

---

[5] R. Doc. 72, p. 1, citing R. Doc. 59-2, p. 1 and R. Doc. 65-8, p. 1.
[6] R. Doc. 72, p. 2, citing R. Doc. No. 59-2, p. 1; R. Doc. No. 65-8, pp. 1–2.
[7] R. Docs. 110 & 120.
[8] Fed. R. Civ. Proc. 26(b)(1).
[9] *Bayview Loan Servicing, LLC v. Standard Guar. Ins. Co.*, No. 07-394, 2008 WL 11333992, at *1 (W.D. Tex. June 30, 2008), citing *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.,* 218 F.R.D. 125, 132 (E.D. Tex. 2003).

2

the movant's showing of "good cause" to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[10] The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable.[11]

### B. *Motion to Quash (R. Doc. 124)*

PCA asks the Court to quash the Notice of Intention to Take the Oral and Videotaped Deposition of the Corporate Representative(s) of PCA, that was served by Plaintiffs on April 25, 2023. PCA argues that it previously designated and presented witnesses for a corporate deposition noticed by Plaintiffs that was conducted on October 20, 2020.[12] Plaintiffs say that PCA objected to several topics that were contained in the notice for the deposition conducted in October 2020 and that the parties generally agreed to limit the scope of the October 2020 corporate deposition to information related to PCA's statutory employer defense, which has now been resolved. PCA represents that the scope of the previous corporate deposition was not limited to statutory employer issues.[13] According to PCA, it produced two corporate representatives at the prior corporate deposition—one to address statutory employer issues and the other, Robert Ross ("Ross"), relative to liability issues.[14] Plaintiffs disagree that they were permitted to depose a 30(b)(6) representative regarding all aspects of liability at the October 2020 corporate deposition. They point to several topics to which they say either that PCA did not provide any representative to testify or about which the representative provided was not prepared to testify.

The real question at issue is whether Plaintiffs are attempting to obtain the proverbial 'second bite at the apple.' As a backdrop, this case has been fraught with procedural wrangling, some of which is relevant to consideration of the Motion to Quash. The case was removed to this Court on June 6,

---

[10] Fed. R. Civ. Proc. 26(c).
[11] *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).
[12] Arguments raised for the first time in PCA's reply memorandum, *e.g.,* that Plaintiffs' request to take a second corporate deposition is procedurally defective, will not be considered. *BMW Medical, Inc. v. XON Holdings, LLC*, No. 14-3338, 2019 WL 7561560, at *2 (W.D. La. Jan. 9, 2019) ("arguments raised for the first time in a reply should be disregarded because the opponent has not been afforded a fair opportunity to respond to them.").
[13] R. Doc. 124, pp. 1-2.
[14] R. Doc. 124-1, p. 4; R. Doc. 148, pp. 3-4.

3

2018.[15]  Although not all named parties were diverse, Defendants argued that the non-diverse individual defendant was improperly joined. Within a month, Plaintiffs filed a Motion to Remand,[16] which was ultimately denied, and the non-diverse individual defendant was dismissed from the case.[17]

In February 2020, Defendants PCA, Boise, Inc., Rick Butterfield and Boise Inc. filed a Motion for Summary Judgment asserting a statutory employer defense.[18]  The parties also filed a Joint Motion to Upset Briefing Deadlines and Submission Date of Pending Motion for Summary Judgment because the parties were working toward a discovery plan to permit Plaintiffs to obtain discovery to respond to the Motion for Summary Judgment.[19]  The Court granted the request to upset the deadlines and ordered the parties to file a joint status report or motion seeking new deadlines within ninety (90) days.[20]  Because the parties filed competing status reports, a conference was held with the Court.[21] The parties disagreed about the scope of permissible discovery while the statutory employer issue was pending.  Relevant here, the minutes from the telephone conference state as follows regarding how discovery in the case would proceed:[22]

> The parties were advised that discovery limited to the issues of statutory employer status seems appropriate, which would include both (1) whether the presumption of statutory employer applies and (2) whether there are any exceptions to statutory employer status in this case.
>
> Considering this, the parties then discussed purported issues with Plaintiffs' Third Amended Notice of Intention to Take Video Deposition of the Corporate Representative(s) of PCA (the "30(b)(6) Notice").[15] After a short discussion, the undersigned indicated that a protective order preventing a Rule 30(b)(6) deposition of PCA does not seem warranted, given that the topics listed in the 30(b)(6) Notice appear to be relevant to the presumption of, and exceptions to, statutory employer status. Accordingly, the parties were ordered to confer regarding any specific objections, as they are in the best position to resolve the objections. The parties agreed to confer regarding specific objections to the 30(b)(6) Notice.

---

[15] R. Doc. 1.
[16] R. Doc. 4.
[17] R. Doc. 24.
[18] R. Doc. 32.
[19] R. Doc. 33.
[20] R. Doc. 34.
[21] *See* R. Docs. 35-37.
[22] R. Doc. 43, p. 4.

The Court also imposed a deadline to complete statutory employer discovery, which included whether PCA is entitled to a presumption and whether there are any exceptions to statutory employer status.[23]

Because the parties continued to have disagreement, another telephone conference was held in August 2020. Regarding the 30(b)(6) deposition of PCA, the parties were advised that they needed "to confer about the Rule 30(b)96) deposition of PCA, including the proposed topics, and decide whether there is going to be a single deposition covering all topics at issue in this matter (not just those related to the issue of statutory employer status) or multiple depositions covering first the issue of statutory employer status and then other relevant issues.[24] According to the minutes of that conference "Defendants explained that they just 'want assurances from Plaintiffs that the depositions will stay on the statutory employer issue.'" As to the corporate deposition, "the parties agreed to confer about specific topics/objections again, move forward with the Rule 30(b)(6) deposition of PCA on the issue of statutory employer status, and, if necessary, re-raise specific issues after the Rule 30(b)(6) deposition." The minutes also contain a note that the Court "cautioned the parties about trying to have it both ways. For example, Defendants' representatives cannot refuse to answer Plaintiffs' questions at a 30(b)(6) deposition because they 'do not relate to statutory employer status and/or were objected to as overly broad or irrelevant' then refuse to allow another 30(b)(6) on those same topics after the issue of statutory employer status is decided."[25]

Defendants reurged their motion for summary judgment on the statutory employer defense on September 25, 2020,[26] but PCA's corporate deposition still had not been taken at that time.[27] The Court extended the time for Plaintiffs to take PCA's corporate deposition to October 23, 2020.[28] PCA's summary judgment motion was granted in part and denied in part on July 28, 2021.[29] The

---

[23] *Id.*, p. 5.
[24] R. Doc. 55, p. 3.
[25] R. Doc. 55, p. 3, n.11.
[26] R. Doc. 59.
[27] R. Doc. 63.
[28] *Id.*
[29] R. Doc. 72.

5

next day the Court entered a Scheduling Conference Order but PCA objected to entry of a scheduling order and sought to stay discovery pending resolution of its request for reconsideration of the summary judgment ruling.[30]  In its motion to stay, filed on September 16, 2021, PCA represented that discovery should be stayed pending its request for reconsideration because any such discovery would not relate to the "case-dispositive preliminary question of statutory employer immunity."[31]  PCA went on to state: "Judicial economy is served here by staying discovery.  *Discovery regarding the subject matter of the pending Reconsideration Motion was first undertaken*.  Allowing discovery-especially extensive discovery regarding an explosion and damages-before the statutory employer issue is reconsidered by this Court or ultimately considered by the Fifth Circuit presents a substantial risk of wasting not only time and money, but the parties' and Court's resources."[32]  PCA further represents that "Plaintiffs now push for a quick trial date of March 21, 2122 [sic], *although the only discovery done has been related to the statutory employer issue*."[33]

PCA seems to have forgotten its prior representations to this Court about what discovery was done before, but the record is clear and PCA will be held to those representations. Additionally, although it does appear that some questions that may go to the issue of liability were asked during the 2020 corporate deposition, Ross—the individual whom PCA asserts was presented at the 2020 corporate deposition to address liability issues—testified that he could not answer certain questions relevant to the issue of liability.  As Plaintiffs point out, because of rulings by this Court, every plaintiff does not have claims against each defendant.  Accordingly, issues regarding, for example, the employment hierarchy and job responsibilities for the individuals working for different companies

---

[30] R. Doc. 79.
[31] R. Doc. 79-1, p. 1.
[32] R. Doc. 79-1, p. 2 (emphasis added).
[33] *Id.*, p. 3 (emphasis added).

6

at the site leading up to the February 8, 2017 incident are relevant and Ross could not answer these questions at the prior corporate deposition.[34]

A second corporate deposition of PCA must be conducted by no later than December 18, 2023. However, because it does appear that some of the questions asked in the October 2020 corporate deposition veer into liability issues, and to address PCA's concern about slightly different testimony being used for impeachment, Plaintiffs' counsel is expressly advised to restrict questioning appropriately so as to minimize duplication. The parties should be well familiar with what topics/issues remain outstanding given their voluminous submissions to the Court on the Motion to Quash.

### C. *Motion for Discovery Responses (R. Doc. 126)*

PCA seeks to compel full responses to discovery requests propounded on Plaintiffs on May 1, 2023. As of the filing of PCA's reply memorandum,[35] it appears that only two issues remain outstanding following Plaintiffs' supplemental document production: PCA's request for cell phone records and communications related to the February 8, 2017 incident (and authorizations for release of those records) and for Plaintiff Michael Johnson's authorization for release of his military records.

1. <u>Plaintiffs' Cell Phone Records</u>

PCA seeks complete responses to the following requests:

---

[34] *See e.g.,* R. Doc. 141-8, p. 4 (deposition page 153):
  Q: So as far as responsibilities related to maintaining the mill and related to the inspections of inspection tanks or directing and supervising the work of these contractors, sitting here today, you would not be able to tell us whether or not that was a PCA employee or a Boise Packaging & Newsprint employee with those responsibilities. Is that fair?
  A: I would not have that information.
  Q: And that would be true -- and I don't want to go through every single responsibility at the plant, but as far as which employees were responsible for which policies and procedures and who their actual employers are, that's not information that you know. Is that fair?
  A. That's correct.
[35] R. Doc. 153.

1) Signed "cell phone records" authorizations (*See* Request for Production No. 19);

2) The identity of "the carrier/service and phone number for each cell phone or other phone/communication device/program or application used by you on February 8, 2017" (the date of the subject incident), to aid in completion and submission of cell phone records requests (*See* Interrogatory No. 14);

3) "A complete copy of all cellular and other phone invoices/records for all phones owned or used by you for the billing period which includes February 8, 2017" (*See* Request for Production No. 18); and

4) "All texts, chats, emails, letter, or other digital or written communications sent, received, or transmitted in any way by you within 30 days of the February 8, 2017 incident which refer to or relate in any way to the February 8, 2017 incident, including but not limited to communications with or about persons involved in the incident, about you, about mental or physical injuries or complaints of any person, and communications with family, co-workers, or other persons relating to or as a consequence of the February 8, 2017 incident sued upon." (*See* Request for Production No. 1).

PCA says the information sought is relevant because Plaintiffs claim to have suffered physical and mental distress in responding to a tank which exploded in allegedly close proximity to where they were working, such that the cell phone data will likely reveal Plaintiffs' various locations at the time of the explosion, their reactions to the explosion, level of activity and locations afterward, and any communications with others regarding the incident.[36]

Plaintiffs argue that the authorizations do not contain any time or scope limitations and assert that courts in this circuit have consistently denied narrower requests for a plaintiff's cell phone data. According to Plaintiffs, "[t]here is no reason to invade Plaintiffs' privacy for the entire history of their cell phone usage to obtain information that PCA already has in its possession."[37]

Contrary to Plaintiffs' argument, the requests are not completely unlimited, nor do they seek the entire history of Plaintiffs' cell phone usage. The primary substantive request seeks communications sent or received within thirty (30) days of the tank explosion *which refer to or relate*

---

[36] R. Doc. 153, p. 4.
[37] R. Doc. 145-1, p. 4.

8

*to the accident*, including communications about mental or physical injuries sustained by any person. Plaintiffs claim to have suffered severe and debilitating injuries in the incident.[38] What Plaintiffs were saying regarding the explosion and any injuries they sustained because of the explosion close in time to the incident is relevant to their claims in this case. Nor have Plaintiffs established that this information may be more easily obtained from other sources. To the contrary, Defendants should be permitted to compare Plaintiffs' statements, for example in their pleadings and deposition testimony, against contemporaneous accounts of injuries they allegedly sustained, or events witnessed, if any such communications exist. However, as the primary relevancy of this information is to Plaintiffs' emotional distress claims arising from the explosion, the time period should be narrowed, and the request refined to ensure that only information related to that issue is provided.[39]

To ensure that the information to be produced is sufficiently tailored to the claims in this case, and to ensure prompt production only of this information, Plaintiffs will be ordered to provide cell phone records for all texts, chats, emails, or other digital or written communications, sent or received by any plaintiff between February 8, 2017 and February 14, 2017 (7 days) which refer to or relate in any way to the February 8, 2017 incident, including, but not limited to, any mental or emotional distress of physical injuries sustained by Plaintiffs' because of the explosion.[40] If Plaintiffs do not have responsive records, a verification under oath shall be provided so stating. Because this information is limited in time and scope, narrowly tailored only to reveal information that might bear on Plaintiffs' claims, the cases upon which Plaintiffs rely are distinguishable.[41]

---

[38] *See, e.g.*, R. Doc. 1-11, p. 7, ¶ 31 ("Plaintiffs suffered severe and permanent injuries, including but not limited to burns, orthopedic injuries, posttraumatic stress disorder, and mental distress, which injuries have caused and will likely cause Plaintiffs residual disability .. past and future mental anguish and distress ….").

[39] A court may modify discovery requests that exceed the boundaries of permissible discovery. *See e.g., Hahn v. Hunt*, No. 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016).

[40] Plaintiffs are being ordered to provide this information, rather than authorizations, for two reasons: to permit Plaintiffs' counsel to ensure that only information relevant to the February 8, 2017 incident is provided, and to expedite production.

[41] In *Scott v. Complete Logistical Services, LLC*, No. 19-11672, 2021 WL 2402161, at *3 (E.D. La. Jun. 11, 2021), the defendant sought cell phone records for over a two-year period before and after the accident at issue. The court found that the defendant's subpoena was not proportional to the needs of the case where the alleged relevance was that plaintiff was exaggerating his injuries. In *Braxton v. Kold Trans, LLC*, No. 22-195, 2023 WL 4111388 (M.D. La. June 21, 2023), this Court rejected the argument that a complete day of cell phone records was relevant to the claims or defenses in the case

## 2. Michael Johnson's Military Records

PCA also seeks Michael Johnson's military records. According to PCA, Johnson testified that he was rated at 90% disability upon his separation from the military, which would have preexisted any physical and/or mental conditions he alleges to have suffered because of the incident.[42] Plaintiffs say they do not have a record of receiving a request for authorization related to Johnson's military service, however, even assuming they did, records of Johnson's entire military career are overbroad, irrelevant, and the information regarding medical treatment can be obtained from other sources.[43] Plaintiffs do not explain how information about medical treatment and/or diagnoses Johnson allegedly received while serving in the military could be better obtained from other sources, but a request for all military records is overbroad. Section II of the Request Pertaining to Military Records form attached to the Motion for Discovery Responses can be tailored to the specific information requested.[44] One of the items available to be designated is medical records. Based on Johnson's deposition testimony, his military medical records are relevant to PCA's defense in this matter regarding the nature and extent of his injuries, and the burden of completing the authorization to allow PCA to obtain this information is low. Accordingly, Johnson will be required to complete the requested authorization to obtain his military medical records.

---

where the Court was not convinced that Plaintiff had given testimony that actually contradicted emergency treatment records. In *Northern v. Landstar System, Inc.*, No. 20-466, 2020 WL 5636902, at *1 (W.D. La. Sept. 21, 2020), the defendants were seeking cell phone usage records for the two month period before and after the accident at issue to show possible comparative fault, and because the plaintiff could have communicated with an auto repair shop or mechanic or medical provider leading up to the accident, or that the plaintiff could have staged the accident. The court was particularly unwilling to order production on such a tenuous basis when the defendants had not shown a good faith belief that the accident was staged. *Compare Arcenaux v. Assuranceforeningen Gard Ins. Co.*, Nos. 09-654/09-657, 2010 WL 744922 (W.D. La. Feb. 25, 2010) (denying motion to quash subpoena seeking specific information [photos and calls to the plaintiff's employer] limited to a 24-hour period after the alleged incident occurred); *Cerda v. Billingsley*, No. 09-816, 2010 WL 11570222 (W.D. Tex. June 1, 2010) (ordering production of cell phone records and any emails, social networking site postings, or communications with family or friends pertaining to the allegations in the case); *Wright v. Weaver*, No. 07-369, 2009 WL 5170218 (E.D. Tex. Dec. 18, 2009) (ordering production of cell phone records for any phone used for a year following the accident at issue to permit the plaintiffs to confirm reports that defendants had talked to multiple witnesses about the accident).

[42] R. Doc. 153, pp. 5-6.
[43] R. Doc. 145-1, pp. 7-8.
[44] R. Doc. 126-3, pp. 26-27.

10

**IT IS ORDERED** that PCA's Re-Urged Motion for Protective Order and to Quash Notice of Rule (30)(b)(6) Deposition of Packaging Corporation of America,[45] filed by Defendant Packaging Corporation of America, is **DENIED.** A second corporate deposition of Defendant Packaging Corporation of America shall take place by no later than **December 18, 2023;** however, Plaintiffs' counsel is expressly advised to restrict questioning appropriately so as to minimize duplication with information covered in the first corporate deposition.

**IT IS FURTHER ORDERED** that Defendant's Re-Urged Motion to Compel Plaintiffs to Respond to Packaging Corporation of America's Third Set of Interrogatories and Requests for Production to Plaintiffs,[46] filed by PCA, is **GRANTED IN PART**. By no later than **December 11, 2023** Plaintiffs shall provide cell phone records for all texts, chats, emails, or other digital or written communications, sent or received by any plaintiff between February 8, 2017 and February 14, 2017 (7 days) which refer to or relate in any way to the February 8, 2017 incident, including, but not limited to, any mental or emotional distress or physical injuries sustained by Plaintiffs' because of the explosion. If Plaintiffs do not have responsive records, a verification under oath shall be provided so stating. By no later than **December 11, 2023** Plaintiff Michael Johnson shall provide a completed Request Pertaining to Military Records form to PCA to enable PCA to obtain Michael Johnson's military records related to any medical issues. This motion is **DENIED** in all other respects.

Signed in Baton Rouge, Louisiana, on November 27, 2023.

                                            **ERIN WILDER-DOOMES**
                                            **UNITED STATES MAGISTRATE JUDGE**

---

[45] R. Doc. 124.
[46] R. Doc. 126.