# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

MICHAEL JOHNSON, ET AL.

CIVIL ACTION

VERSUS

18-613-SDD-EWD

PACKAGING CORPORATION
OF AMERICA, ET AL.

## RULING

Before the Court is the Defendants *Motion in Limine to Exclude the Opinions and Testimony of Plaintiffs' Expert Eric Van Iderstine Regarding Defendants' Knowledge and State of Mind*.[1] The Plaintiffs have filed an *Opposition*[2] to which the Defendant filed a Reply[3]. The Court has considered the law and the argument of the parties and for the following reasons the Motion shall be GRANTED.

### FACTUAL BACKGROUND

The Plaintiffs are contractors[4] who were injured while working at the Packaging Corporation of America ("PCA") paper mill in DeRidder (the "Mill") when a foul condensate tank ("FCT") exploded on February 8, 2017. The factual allegations are set forth in greater detail in the Court's Ruling on Summary Judgment.[5]

---

[1] Rec. Doc. 170
[2] Rec. Doc. 172
[3] Rec. Doc. 180
[4] Employees of Elite Specialty Welding, LLC and Top Deck, Inc.
[5] Rec. Doc. 72

LAW AND ANALYSIS

The plaintiffs retained Eric Van Iderstine "to perform an engineering investigation of the incident involving the explosion of a foul condensate tank"[6] at the Mill. Van Iderstine is a consulting Mechanical Engineer. He has a BS in Mechanical Engineering and is a registered professional engineer in 2 states, Florida and Alabama. Van Iderstine worked in his field from 1997 – 2005, before taking up the consulting mantle. Defendants do not challenge Van Iderstine's qualifications to render opinion testimony in the field of Mechanical Engineering. Defendants urge the Court to exclude opinion testimony from Van Iderstine regarding what the Defendants knew before this accident. Defendants move to exclude testimony about "the Defendants' purported knowledge and state of mind regarding the risk of an explosion at the Mill."[7]

The Court finds that Mr. Van Iderstine is not qualified by "knowledge, skill, experience, training, or education"[8] to testify about the Defendants knowledge or state of mind. The Court will follow the long line of precedent that excludes state of mind opinion testimony.[9]

Defendants conceded that they will not offer "opinions going to the defendants' actual subjective knowledge and state of mind".[10] However, defendants contend that Van Iderstine should be permitted to "draw upon training and experience to help the jury evaluate a party's knowledge based on evidence of what someone in the party's position likely would have known".[11] The Defendants argue that "Van Idersine can aid the jury,

---

[6] Rec. Doc. 170-3
[7] Rec. Doc. 170-1, p. 3
[8] FRE 702
[9] Cases cited by Defendants at footnote 30, Rec. Doc. 170-1
[10] Rec. Doc. 172
[11] *Id*

through his professional experience and knowledge of industry (which the jury likely will not know) to comprehend what someone in the defendants position likely would have known and understood." The Court finds this nuanced attempt at distinction unpersuasive. Mr. Van Iderstine does not have specialized knowledge or experience in the pulp and paper industry. Mr. Van Iderstine will not be permitted to give opinion testimony about what a reasonable pulp and paper mill plant owner or operator would or should have known based on industry knowledge. The case[12] relied upon by the defendants is distinguishable and inapposite.

The Court rejects the plaintiff's argument that "questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility". Recent revisions to FRE 702 and the official comments clarify that this is an inaccurate statement of the Court's inquiry under *Daubert* and FRE 702. The intent of the rule change is to focus and direct district courts to conduct the gate-keeping inquiry enunciated in *Daubert* and refrain from bypassing the admissibility determination in favor of a question of weight to be decided by a fact finder. The Committee Notes observe that "many courts have held that the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight and not admissibility. These rulings are an incorrect application of Rules 702 and 104(a)."[13]

Mr. Van Iderstine will not be permitted to offer opinions about what the Defendants knew, nor will he be permitted to offer opinion as to what a prudent owner of operator should have known based on the state of knowledge in the industry. The jury is fully capable of connecting the dots between the state of the industry knowledge and best

---

[12] *U.S. v Lopez*, WL 4663530 (S.D. Tx. 2012Rec. Doc. 172 at note 22
[13] Federal Rules of Evidence, Rule 702, official comments.

operating and process practices and the conditions and occurrences that allegedly caused or contributed to the explosion at issue. Mr. Van Iderstines proposed opinion about what the Defendants should have known is a bridge too far and invades the province of the jury to determine whether the Defendants abided a reasonable standard of care.

**IT IS HEREBY ORDERED** that the Defendants *Motion in Limine to Exclude the Opinions and Testimony of Plaintiffs' Expert Eric Van Iderstine Regarding Defendants' Knowledge and State of Mind* [Rec. Doc. 170] is GRANTED.

Signed in Baton Rouge, Louisiana the 14th day of December, 2023.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**