UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**MICHAEL JOHNSON, ET AL.**  CIVIL ACTION

**v.**  NO. 3:18-CV-00613-SDD-EWD

  CHIEF JUDGE SHELLY D. DICK

**PACKAGING CORPORATION
OF AMERICA, ET AL.**  MAGISTRATE ERIN WILDER-DOOMES

### DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF OSHA AND CSB INVESTIGATIONS, REPORTS, CITATIONS, AND SETTLEMENTS

MAY IT PLEASE THE COURT:

Defendants Packaging Corporation of America, Boise Packaging & Newsprint, LLC, Boise Inc. (hereinafter, collectively referred to as "PCA"), and Rick Butterfield (collectively with PCA, "Defendants"), respectfully submit this Memorandum in Support of their Motion *in Limine* to Exclude Evidence of Occupational Safety and Health Administration ("OSHA") and U.S. Chemical Safety and Hazard Investigations Board ("CSB") Investigations, Reports, Citations, and Settlements, and in support thereof, aver as follows.

#### BACKGROUND

In this matter, nine Plaintiffs claim damages arising from the February 8, 2017 explosion of a foul condensate tank (hereinafter, the "FCT") at PCA's paper mill in DeRidder, Louisiana (the "DeRidder Incident"). On June 30, 2024, the parties filed their Joint Pretrial Order with this Court, which includes Plaintiffs' trial exhibit list as Exhibit A to the Pretrial Order.[1]  Defendants now move to exclude several of Plaintiffs' CSB and OSHA-related exhibits.

---

[1] *See* R. Doc. 192-1.

1

Plaintiffs' trial exhibit list includes several exhibits detailing OSHA citations to, and settlements with, PCA. As they pertain to the DeRidder Incident, the OSHA-related evidence includes:

1) Plaintiffs' Trial Exhibit 93: OSHA Citations and Notifications of Penalty regarding the DeRidder Incident;[2]

2) Plaintiffs' Trial Exhibit 95 and 103 (duplicates): March 8, 2019 Letter from counsel for PCA to Jason Coffey, Assistant Area Director of OSHA, regarding PCA's completion of its obligations under the Settlement Agreement;[3]

3) Plaintiffs' Trial Exhibit 100: June 25, 2018 Notice of Settlement between the U.S. Department of Labor and PCA regarding the DeRidder Incident;[4] and

4) Plaintiffs' Trial Exhibits 101 and 607 (duplicates): A document including several "Attachments," presumably to Exhibit 95. "Attachment 1" includes a July 30, 2018 letter from counsel for PCA to Mr. Coffey enclosing abatement certifications or proof of "corrective action" in response to an OSHA citation relating to the DeRidder Incident. "Attachment 2-1" and "Attachment 2-2" include a "Third-Party Review of Process Safety Management Boundaries."[5]

With respect to incidents pre-dating the DeRidder Incident, Plaintiffs' OSHA-related exhibits include the following:

5) Plaintiffs' Trial Exhibit 19: OSHA Citation and Notification of Penalty regarding a July 29, 2008 explosion at PCA's mill in Tomahawk, Wisconsin (the "2008 Tomahawk Incident");[6]

6) Plaintiffs' Trial Exhibit 26: March 2, 2011 Stipulation and Settlement Agreement between PCA OSHA, with attached citations, regarding an October 27, 2009 incident at a PCA site in Milwaukee, Wisconsin;[7]

---

[2] *See* Exhibit 1, Plaintiffs' Trial Exhibit 93.
[3] *See* Exhibit 2, Plaintiffs' Trial Exhibit 95; Exhibit 3, Plaintiffs' Trial Exhibit 103. Exhibit 103 is a duplicate of Exhibit 95.
[4] *See* Exhibit 4, Plaintiffs' Trial Exhibit 100 (referencing Inspection Number 1210358—the same Inspection Number cited in Plaintiffs' Trial Exhibits 93 and 95, which exhibits address the DeRidder Incident).
[5] *See* Exhibit 5, Plaintiffs' Trial Exhibit 101; Exhibit 6, Plaintiffs' Trial Exhibit 607. Plaintiffs' Trial Exhibits 101 and 607 are duplicates.
[6] *See* Exhibit 7, Plaintiffs' Trial Exhibit 19.
[7] *See* Exhibit 8, Plaintiffs' Trial Exhibit 26.

7) Plaintiffs' Trial Exhibit 30: A Fall 2013 publication by the United Steelworkers discussing PCA's past OSHA violations and settlements.[8]

8) Plaintiffs' Trial Exhibit 31: September 4, 2013 OSHA citations identifying alleged hazards at PCA's mill in Tomahawk, Wisconsin, during inspections in the Spring and Summer of 2013;[9]

9) Plaintiffs' Trial Exhibit 32: September 24, 2013 OSHA Informal Settlement Agreement with PCA, regarding the September 4, 2013 citations identified in Plaintiffs' Trial Exhibit 31;[10] and

10) Plaintiffs' Trial Exhibits 37 and 608 (duplicates): July 31, 2014 OSHA News Release regarding alleged violations at PCA's facility in Akron, Ohio.[11]

Plaintiffs' CSB-related trial exhibits include CSB articles, reports, and videos pertaining to both the DeRidder Incident and prior incidents at both PCA and non-PCA facilities. As they pertain to this incident, Plaintiffs' CSB-related exhibits include:

1) Plaintiffs' Trial Exhibit 97: April 2018 CSB Investigation Report regarding the DeRidder Incident, which also includes a discussion of "historical failures" at both PCA and non-PCA facilities;[12]

2) Plaintiffs' Trial Exhibit 99: May 21, 2018 Letter from CSB Chair Vanessa Allen Sutherland, attaching the CSB's Recommendations and Report concerning the DeRidder Incident;[13] and

3) Plaintiffs' Trial Exhibit 104: January 2020, 12 minute and 55-second video published by the CSB, titled "Uncovered Hazards: Explosion at the DeRidder Pulp and Paper Mill," which details the CSB's findings and conclusions from its investigation into the DeRidder Incident and recommendations for future practices, along with commentary and opinions by Rick Engler, a CSB Board Member, and Steve Sallman, a United Steelworkers representative regarding process safety management ("PSM") standards and practices at the DeRidder facility.[14]

---

[8] *See* Exhibit 9, Plaintiffs' Trial Exhibit 30.
[9] *See* Exhibit 10, Plaintiffs' Trial Exhibit 31.
[10] *See* Exhibit 11, Plaintiffs' Trial Exhibit 32.
[11] *See* Exhibit 12, Plaintiffs' Trial Exhibit 37; Exhibit 13, Plaintiffs' Trial Exhibit 608. Plaintiffs' Trial Exhibits 37 and 608 are duplicates.
[12] *See* Exhibit 14, Plaintiffs' Trial Exhibit 97.
[13] *See* Exhibit 15, Plaintiffs' Trial Exhibit 99.
[14] *See* Exhibit 16, Plaintiffs' Trial Exhibit 104.

As they pertain to incidents pre-dating the DeRidder Incident, Plaintiffs' CSB-related exhibits include:

4) Plaintiffs' Trial Exhibit 18: August 15, 2008 news release by the CSB regarding the 2008 Tomahawk Incident;[15]

5) Plaintiffs' Trial Exhibits 22, 606, and 619 (duplicates): February 2010 Publication by the CSB, "Seven Key Lessons to Prevent Worker Deaths During Hot Work in and Around Tanks," which includes CSB's findings and analysis of the 2008 Tomahawk Incident as well as several other events at non-PCA facilities;[16] and

6) Plaintiffs' Trial Exhibit 23: March 4, 2010 CSB news release regarding the 2008 Tomahawk Incident as well as other explosions unrelated to PCA.[17]

As set forth herein, Plaintiffs' trial exhibits pertaining to OSHA settlements and alleged violations are inadmissible under Federal Rule of Evidence 408, and the evidence of OSHA citations is further inadmissible as hearsay. The CSB investigative reports, videos, and other investigative materials are likewise inadmissible under 42 U.S.C. § 7412(r)(6)(G) and are otherwise unauthenticated and inadmissible as hearsay. Further, Plaintiffs' OSHA and CSB-related evidence should additionally be excluded as irrelevant and unduly prejudicial under Federal Rules of Evidence 402 and 403. For these reasons and those more fully set forth below, Defendants ask that their Motion *in Limine* be granted and that the Court enter an order excluding Plaintiffs' trial exhibits identified herein.

---

[15] *See* Exhibit 17, Plaintiffs' Trial Exhibit 18.
[16] *See* Exhibit 18, Plaintiffs' Trial Exhibit 22; Exhibit 19, Plaintiffs' Trial Exhibit 606; Exhibit 20, Plaintiffs' Trial Exhibit 619.
[17] *See* Exhibit 20, Plaintiffs' Trial Exhibit 23.

LAW AND ARGUMENT

I.  **Documents pertaining to settlement agreements with OSHA are inadmissible under Federal Rule of Evidence 408.**

Federal Rule of Evidence 408 provides:

Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:

> (1) furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or a statement made during compromise negotiations about the claim—except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.[18]

District courts in the Fifth Circuit, including a section of this Court, have found that Federal Rule of Evidence 408 precludes the admission of settlements with OSHA.[19]

Here, Plaintiffs' trial exhibits include the following evidence of PCA's settlement agreements with OSHA: (1) a June 25, 2018 Notice of Settlement between the U.S. Department of Labor and PCA regarding the DeRidder Incident (Plaintiffs' Trial Exhibit 100);[20] (2) a March 2, 2011 Stipulation and Settlement Agreement between PCA and OSHA, with attached citations, regarding an October 27, 2009 incident at a PCA site in Milwaukee, Wisconsin (Plaintiffs' Trial Exhibit 26);[21] (3) a September 24, 2013 OSHA Informal Settlement Agreement with PCA regarding September 4, 2013 citations concerning PCA's Tomahawk mill (Plaintiffs' Trial Exhibit

---

[18] *See* FED. R. EVID. 408.
[19] *See Lacey v. Arkema Inc.,* No. 3:10-CV-00669-BAJ, 2014 WL 1327792, at *4 (M.D. La. Mar. 31, 2014) (Jackson, J.); *Mays v. Chevron Pipe Line Co.,* No. CV 14-03098-BAJ-CBW, 2019 WL 13170166, at *1 (W.D. La. Jan. 16, 2019) (Jackson, J.); *Minton v. Intercontinental Terminals Co.,* LLC, No. 4:19-CV-1460, 2023 WL 6394385, at *8 n.13 (S.D. Tex. Oct. 2, 2023) (excluding evidence of OSHA citations) ("Any settlement with a regulatory agency is inadmissible as well.") (citing *Mays*, 2019 WL 13170166, at *1).
[20] *See* Exhibit 4, Plaintiffs' Trial Exhibit 100.
[21] *See* Exhibit 8, Plaintiffs' Trial Exhibit 26.

32);[22] and (4) a March 8, 2019 Letter from counsel for PCA to Jason Coffey, Assistant Area Director of OSHA, regarding PCA's completion of certain obligations under its settlement agreement with OSHA (Plaintiffs' Trial Exhibit 95, 103), with attachments showing proof of abatement (Plaintiffs' Trial Exhibits 101, 607).[23]

Plaintiffs' Trial Exhibits 100, 26, and 32, include the actual settlement agreements or Notice of Settlement between PCA and OSHA, and Plaintiffs' Trial Exhibits 95, 101, 103, and 607 concern confidential communications between counsel for PCA and OSHA regarding PCA's fulfillment of its obligations under, or acceptance of the conditions provided in, the respective settlement agreement.[24] Each of these exhibits represents evidence of "furnishing, promising, or offering" consideration in relation to a compromise or "conduct or a statement made during compromise negotiations," and should be excluded under Federal Rule of Evidence 408.[25] These documents further contain hearsay not falling into an exception, and should also be excluded under Federal Rule of Evidence 802.[26] Moreover, evidence of settlement agreements with OSHA is not relevant to whether Defendants are liable to Plaintiffs for their claimed damages and will only serve to confuse the jury; accordingly, they should also be excluded under Federal Rules of Evidence 402 and 403.[27] For these reasons, Defendants ask that Plaintiffs' Trial Exhibits 26, 32,

---

[22] *See* Exhibit 11, Plaintiffs' Trial Exhibit 32; *see also* Exhibit 10, Plaintiffs' Trial Exhibit 31 (containing the underlying citations).
[23] *See* Exhibit 2, Plaintiffs' Trial Exhibit 95; Exhibit 5, Plaintiffs' Trial Exhibit 101; Exhibit 5, Plaintiffs' Trial Exhibit 101; Exhibit 6, Plaintiffs'' Trial Exhibit 607.
[24] *See also* Exhibit 8, Plaintiffs' Trial Exhibit 26, at 4 ¶ 17 (providing that the agreement shall not "be deemed an admission by the respondent of the allegations contained within the Citation(s) and Notification(s) of Penalty and Complaint" and "shall not be used for any other purpose whatsoever" except in relation to OSHA proceedings").
[25] *See* FED. R. EVID. 408(a)(1)-(2); *see also Mays,* 2019 WL 13170166, at *1; *Lacey,* 2014 WL 1327792, at *4.
[26] *See* FED. R. EVID. 802.
[27] *See Minton,* 2023 WL 6394385, at *8 n.13 ("OSHA citations are not relevant for the same reasons that OSHA does not expand the standard of care in a common law negligence case." (citations omitted)); *see also* Ruling on Defendants' Motion *in Limine* to Exclude Opinions and Testimony of L. Duane Wilson, R.

6

95, 100, 101, 103, and 607 be excluded from evidence at trial.

**II.    OSHA citations to PCA are inadmissible hearsay not subject to an exception.**

Pursuant to Federal Rule of Evidence 802, hearsay is inadmissible unless it falls into an exception like those set forth in Federal Rule of Evidence 803.[28] Federal Rule of Evidence 803(8) sets forth the "Public Records" exception to the rule against hearsay, providing that "[a] record or statement of a public office" is admissible if:

(A) it sets out:

    (i)    the office's activities

    (ii)   a matter observed while under a legal duty to report [ . . . ];

    (iii)  in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and

(B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.[29]

In evaluating the trustworthiness of a document, the Fifth Circuit considers: "(1) the timeliness of the investigation; (2) the special skill or expertise of the official; (3) whether a hearing was held and at what level; and (4) possible motivational problems."[30]

In *Lacey v. Arekma, Inc.,* another section of this Court held that OSHA citations lacked sufficient trustworthiness to qualify as "public records" for purposes of the hearsay exception.[31] In so finding, Judge Brian Jackson reasoned:

> Certainly the Court accepts OSHA as a trustworthy "source of information." Fed. R. Evid. 803(8)(B). However, "other circumstances indicate a lack of trustworthiness." *Id*. In particular, the Citation itself states: "Issuance of this

---

Doc. 184 (finding the rationale in *Minton* persuasive and holding that testimony regarding OSHA's PSM standard and alleged non-compliance irrelevant, unhelpful, and risks confusing the trier of fact).
[28] *See* FED. R. EVID. 802; 803.
[29] *See* FED. R. EVID. 803(8)(A)-(B).
[30] *See Lacey*, 2014 WL 1327792, at *5 (quoting *Moss v. Ole S. Real Estate, Inc.*, 933 F.2d 1300, 1305 (5th Cir. 1991)).
[31] *See id.*

>Citation does not constitute a finding that a violation of the Act has occurred *unless* there is a failure to contest as provided for in the Act or, if contested, unless this Citation is affirmed by the Review Commission or a court." (Doc. 124–4 at p. 1 (emphasis added)). The Citation further provides: "You have the right to *contest* this Citation and Notification of Penalty." (*Id*. at p. 2 (emphasis added)).
>
>Each of these statements implicates "factors which are helpful in determining trustworthiness." *Moss*, 933 F.2d at 1305. First, they suggest that the "official" that issued the citation is not assumed to have "special skill or expertise" because the citation is subject to further administrative and/or judicial review; second, they indicate that "a hearing was [not] held," at any level; and, third, they suggest a sensitivity to "possible motivational problems"—such as bias on the part of the inspector—by providing for due process through further, independent review. *See Moss*, 933 F.2d at 1305.[32]

Other courts within the Fifth Circuit have similarly held that OSHA citations lack indicia of trustworthiness and have excluded legal conclusions in reports by other administrative bodies.[33]

Here, Plaintiffs' Trial Exhibits 19, 26, 31, and 93 include evidence of several OSHA citations to PCA concerning both the DeRidder Incident as well as other prior incidents. These citations are hearsay, and they do not indicate sufficient trustworthiness to fall within the public records hearsay exception. Indeed, like in *Lacey*, the citations in Exhibits 19, 31, and 93 provide: "[i]ssuance of this Citation does not constitute a finding that a violation of the Act has occurred unless there is a failure to contest as provided for in the Act or, if contested, unless this Citation is affirmed by the Review Commission or a court."[34] Also like in *Lacey*, the citations provide PCA

---

[32] *See id.*

[33] *See Mays*, 2019 WL 244327, at * 1 ("The OSHA citation does not fall under the public record exception. The citation is non-final, and it contains no 'factual findings.' Even if the citation contained factual findings, the Court would conclude that the citation is not admissible because the Court has reason to question the trustworthiness of the information in the citation." (quoting *Williams v. Manitowoc Cranes, LLC,* No. 1:14-CV-383-HSO-JCG, 2016 WL 7666142, at *8 (S.D. Miss. Oct. 7, 2016), and citing *Lacey*, 2014 WL 1327792, at *5)); *see also Warner v. Talos ERT LLC*, 2022 WL 534311, at *3 (W.D. La. Feb. 22, 2022) (Cain, J.) ("The conclusions on pages 23–24 of the BSEE report reference the investigative panel's judgment as to the causal role different factors played in this maritime accident. They are findings of 'ultimate facts' and thus legal conclusions, falling outside Rule 803(8)'s scope. The INCs and civil penalties would only serve as a backdoor for introducing these conclusions." (internal citations omitted)).

[34] *See* Exhibit 7, Plaintiffs' Trial Exhibit 19, at 1; Exhibit 10, Plaintiffs' Trial Exhibit 31, at 2; Exhibit 1, Plaintiffs' Trial Exhibit 93, at 1.

with "the right to contest this Citation and Notification of Penalty."[35]  Moreover, although Trial Exhibit 26 does not include the relevant cover letter, the last page of the exhibit includes an "OSHA Regional News Release" related to the citations, which provides that "[t]he company has 15 days from receipt of its latest citations and penalties to comply, request an informal conference with OSHA's area director or contest the findings before the Independent Occupational Safety and Health Review Commission."[36] The citations thus fall outside the scope of any hearsay exception, represent impermissible legal conclusions[37] are irrelevant, and will serve to confuse the jury.[38] Accordingly, Defendants ask that the Court exclude evidence of OSHA citations from trial.

### III. The CSB-related exhibits are statutorily inadmissible and are otherwise unauthenticated hearsay and unduly prejudicial.

By statute, CSB conclusions, findings, and recommendations are not admissible. 42 U.S.C. § 7412(r)(6)(G) specifically provides:

> (G)    No part of the *conclusions, findings, or recommendations* of the Board relating to any accidental release or the investigation thereof shall be *admitted as evidence or used* in any action or suit for damages arising out of any matter mentioned in such report.[39]

The corresponding regulation, 40 C.F.R. § 1611.3, further explains that, in addition to the prohibition provided in the statute, the "expert testimony" or opinions of CSB employees, whether by in-person testimony or by introduction of CSB reports and safety publications, is also prohibited:

---

[35] *See* Exhibit 7, Plaintiffs' Trial Exhibit 19, at 2; Exhibit 10, Plaintiffs' Trial Exhibit 31, at 3; Exhibit 1, Plaintiffs' Trial Exhibit 93, at 2.
[36] *See* Exhibit 8, Plaintiffs' Trial Exhibit 26, at 17.
[37] *See Mays,* 2019 WL 244327, at *1; *Warner*, 2022 WL 534311, at *3.
[38] *See Minton,* 2023 WL 6394385, at *8 n.13 (finding OSHA citations irrelevant); Ruling on Defendants' Motion *in Limine* to Exclude Opinions and Testimony of L. Duane Wilson, R. Doc. 184 (finding the rationale in *Minton* persuasive and holding that testimony regarding OSHA's PSM standard and alleged non-compliance is irrelevant, unhelpful, and risks confusing the trier of fact).
[39] 42 U.S.C. § 7412(r)(6)(G) (emphasis added).

9

(a) The statute creating the CSB, 42 U.S.C. 7412(r)(6)(G), precludes the use or admission into evidence of *CSB investigative reports* in any suit or action for damages arising from such incidents. This provision would be undermined if expert opinion testimony of CSB employees, which may be reflected in the views of the CSB expressed in its reports, were admitted in evidence or used in litigation arising out of an incident. The CSB relies heavily upon its investigators' opinions in its deliberations. Furthermore, the use of CSB employees as experts to give opinion testimony would impose a significant administrative burden on the CSB's investigative staff.

(b) For the reasons stated in paragraph (a) of this section and § 1611.1, CSB employees may only testify as to the factual information they obtained during the course of an investigation. However, they shall decline to testify regarding matters beyond the scope of their investigation, and they shall not give any expert or opinion testimony.

(c) [ . . .] Consistent with the principles cited in § 1611.1 and this section, current CSB employees are not authorized to testify regarding other employee's observations or reports, or other types of CSB documents, *including but not limited to safety recommendations, safety studies, safety proposals, safety accomplishments, reports labeled studies, and analysis reports*, as they contain staff analysis and/or CSB conclusions.[40]

Thus, in accordance with 42 U.S.C. § 7412(r)(6)(G) and 40 C.F.R. § 1611.3, "[a] Chemical Safety Board Report is not admissible in evidence,"[41] and other documents, such as "Safety Bulletins" and "news articles" containing CSB findings and conclusions are likewise inadmissible.[42] Additionally, such documents are also often found to be inadmissible hearsay under Federal Rule of Evidence 801 and 802.[43] Finally, even where such evidence falls into a hearsay exception, the

---

[40] *See* 40 C.F.R. § 1611.3(a)-(c) (emphasis added).
[41] *See Minton,* 2023 WL 6394385, at *8 n.13 ("By statute, the Chemical Safety Board Report is not admissible in evidence." (citations omitted); *see also Sun Chem. Corp. v. Fike Corp.*, No. CV134069JMVMF, 2018 WL 3492143, at *3 (D. N.J. July 20, 2018) ("First, as Plaintiff points out, the CSB report could not be used as evidence in the case." (citing 42 U.S.C. § 7412(r)(6)(G)).
[42] *See, e.g., Terry v. BP Amoco Chem. Co.,* 574 F. App'x 410, 415 (5th Cir. 2014) (*per curiam*) ("Exhibits C and D are the only evidence that Andrews identified as raising a material issue of fact as to BP's responsibility for the explosion. Those exhibits are a Safety Bulletin issued by the United States Chemical Safety and Hazard Investigation Board (CSB) and a CSB press release discussing the bulletin. The statute creating the CSB, however, prohibits Andrews from using those documents as evidence in this case." (citing 42 U.S.C. § 7412(r)(6)(G)).
[43] *See id.* ("Additionally, both CSB documents also likely constitute inadmissible hearsay under the Federal Rules of Evidence.").

evidence may be excluded if it is unduly prejudicial under Federal Rule of Evidence 403.[44]

      *A.     The CSB documents pertaining to the DeRidder Incident should be excluded.*

As it pertains to the DeRidder Incident, Plaintiffs intend to introduce: (1) the CSB Investigation Report regarding the DeRidder Incident, which contains the CSB's findings as a result of its investigation into the DeRidder Incident, an analysis of the CSB's findings from other "historical failures" at non-PCA facilities, subsequent remedial measures taken by PCA following the Incident, and the CSB's recommendations to PCA (Plaintiffs' Trial Exhibit 97);[45] (2) the May 21, 2018 letter from CSB chair requesting from PCA "documentation of the relevant actions planned and eventually taken to implement the recommendations" and attaching the CSB's Investigation Report (Plaintiffs' Trial Exhibit 99);[46] and (3) the CSB's January 2020 video detailing the CSB's findings, conclusions, and recommendations into the DeRidder Incident (Plaintiffs' Trial Exhibit 104).[47]

Each of the aforementioned CSB exhibits pertaining to the DeRidder Incident consists entirely of "conclusions, findings, or recommendations" of the Board, and thus falls squarely within the prohibition provided for in 42 U.S.C. § 7412(r)(6)(G).[48] Their admission would also permit a circumvention of 40 C.F.R. § 1611.3, which prohibits CSB employees from presenting testimony unless it relates to facts obtained during *that* employee's investigation and fully prohibits

---

[44] *See* FED. R. EVID. 403.
[45] *See* Exhibit 14, Plaintiffs' Trial Exhibit 97.
[46] *See* Exhibit 15, Plaintiffs' Trial Exhibit 99.
[47] *See* Exhibit 16, Plaintiffs' Trial Exhibit 104.
[48] *See* 42 U.S.C. § 7412(r)(6)(G); *Minton,* 2023 WL 6394385, at *8 n.13; *see also Stallworth v. Packaging Corp. of Am.*, No. 2:18-CV-00440, 2018 WL 4869198, at *2 (W.D. La. Aug. 30, 2018), *report and recommendation adopted sub nom. Stallworth v. Packaging Corp. of Am.*, No. CV 2:18-00440, 2018 WL 6532988 (W.D. La. Dec. 10, 2018) (A related matter arising out of the DeRidder Incident, wherein Judge Kay of the Western District of Louisiana struck the same CSB Report identified by Plaintiffs as Exhibit 97 as inadmissible pursuant to 42 U.S.C. § 7412(r)(6)(G)).

a CSB employee's expert testimony.[49] These exhibits—Plaintiffs' Trial Exhibits 97, 99, and 104—further constitute unauthenticated hearsay not within any exception. Finally, under Federal Rule of Evidence 403, the CSB evidence pertaining to the DeRidder Incident is unduly prejudicial to Defendants as the jury is likely to give undue weight to the CSB's ultimate conclusions as to the factual circumstances leading to the incident as well as the cause of the incident—which conclusions differ from the evidence that will be presented by PCA at trial.[50] Thus, Defendants ask that the Court enter an Order excluding Plaintiffs' Trial Exhibits 97, 99, and 104.

      B.    *The CSB documents pertaining to prior incidents should likewise be excluded.*

With respect to the CSB exhibits pertaining to past incidents at PCA's other facilities, Plaintiffs intend to introduce: (1) an August 15, 2008 news release by the CSB regarding the 2008 Tomahawk Incident (Plaintiffs' Trial Exhibit 18);[51] (2) a February 2010 CSB Safety Bulletin titled, "Seven Key Lessons to Prevent Worker Deaths During Hot Work in and Around Tanks," which summarizes and analyzes the CSB's findings, conclusions, and recommendations related to "11 accidents—nine of which the agency has investigated—to highlight seven key lessons that were found to be applicable to all or most of the incidents," and includes the CSB's findings related to the 2008 Tomahawk Incident (Plaintiffs' Trial Exhibits 22, 606, and 619);[52] and (3) a March 4, 2010 CSB news release regarding the 2008 Tomahawk Incident as well as other explosions unrelated to PCA, which includes the CSB's conclusion as to the cause of the incident (Plaintiffs' Trial Exhibit 23).[53]

---

[49] *See Terry,* 574 F. App'x at 15 ("[B]oth [the CSB Safety Bulletin and press release discussing the bulletin] also likely constitute inadmissible hearsay under the Federal Rules of Evidence.").
[50] *See also Warner,* 2022 WL 534311, at *3 (holding that the findings of "ultimate facts" were legal conclusions falling outside of the public records hearsay exception).
[51] *See* Exhibit 17, Plaintiffs' Trial Exhibit 18.
[52] *See* Exhibit 18, Plaintiffs' Trial Exhibit 22; Exhibit 19, Plaintiffs' Trial Exhibit 606; *See* Exhibit 20, Plaintiffs' Trial Exhibit 619.
[53] *See* Exhibit 21, Plaintiffs' Trial Exhibit 23.

In Plaintiffs' Opposition to Defendants' Re-Urged Motion for Summary Judgment, Plaintiffs suggested that the 2010 Safety Bulletin (Plaintiffs' Trial Exhibits 22, 606, and 619) was admissible because the prohibition set forth in 42 U.S.C. § 7412(r)(6)(G) does not pertain to "earlier incidents."[54] In support, Plaintiffs cited an opinion by Magistrate Judge Kay in a separate matter arising out of the DeRidder Incident, wherein Judge Kay granted Defendants' Motion to Strike the CSB Investigation Report pertaining to the DeRidder Incident under 42 U.S.C. § 7412(r)(6)(G), but also noted:

> CSB reports relating to prior incidents are cited in the complaints in this and related PCA cases. *The parties do not argue, and the statute does not specify*, that a report on earlier accidents would be inadmissible to show the company's knowledge of safety standards or needed improvements relating to a subsequent accident.[55]

The fact that the admissibility of unrelated CSB reports was not argued before the court in *Stallworth* or that the court remarked as to the statute's potential ambiguity does not *de facto* result in the conclusion that the *Stallworth* court found such evidence admissible. To the contrary, 40 C.F.R. § 1611.3 makes clear that one of the purposes underlying 42 U.S.C. § 7412(r)(6)(G) is to avoid the use of CSB documents in lieu of expert testimony. Thus, regardless of the fact that they pertain to prior incidents, the opinions and recommendations expressed in Plaintiffs' Trial Exhibits 18, 22, 606, 619, and 23, fall within the scope of 42 U.S.C. § 7412(r)(6)(G) and should be excluded from trial. Alternatively, even if the Court finds the evidence outside the scope of 42 U.S.C. § 7412(r)(6)(G), the CSB evidence related to prior incidents nevertheless should be excluded as unauthenticated and as inadmissible hearsay. Accordingly, Defendants ask that the Court exclude Plaintiffs' Trial Exhibits 18, 22, 23, 606, and 619 from trial.

---

[54] *See* Plaintiffs' Opposition to Re-Urged Motion for Summary Judgment, R. Doc. 65, at 21 n.106.
[55] *Stallworth*, 2018 WL 4869198, at *2 n.2 (emphasis added).

**IV.     Plaintiffs' Trial Exhibits 18, 23, 30, 37, and 608 should be excluded as hearsay.**

Plaintiffs' Trial Exhibits 18, 23, 30, 37, and 608 (a duplicate of 37) are news articles or publications discussing OSHA citations and CSB investigations unrelated to the DeRidder Incident.[56] The news releases are unauthenticated and contain "classic" hearsay within hearsay, which hearsay further relates to underlying citations and investigations that are themselves inadmissible.[57] Finally, as explained below and in Defendants' Motion *in Limine* to Exclude Evidence and References to the Tomahawk Mill and Other Prior Incidents, trial exhibits such as these pertaining to unrelated prior events should be excluded as irrelevant under Federal Rule of Evidence 402 and unduly prejudicial under Federal Rule of Evidence 403. Accordingly, for these reasons and those set forth elsewhere herein, Plaintiffs' Trial Exhibits 18, 23, 30, 37, and 608 should be excluded.

**V.     Plaintiffs' CSB and OSHA-related exhibits pertaining to prior unrelated incidents should separately be excluded as irrelevant and unduly prejudicial.**

Of the CSB and OSHA-related exhibits discussed herein, Plaintiffs' Trial Exhibits 18, 19, 22, 23, 26, 30, 31, 32, 37, 97, 606, 608, and 619 concern unrelated incidents at PCA facilities pre-dating the DeRidder Incident. In *Olivier v. Exxon Mobil Corp.*, this Court found that "[Incidents of Non-Compliance issued by the Bureau of Safety and Environmental Enforcement], which pre-date the work being undertaken at the time of the subject incident. . . , are irrelevant and on balance would risk juror confusion, such that the prejudice outweighs any marginal probative value."[58]

---

[56] *See* Exhibit 17, Plaintiffs' Trial Exhibit 18; Exhibit 21, Plaintiffs' Trial Exhibit 23; Exhibit 9, Plaintiffs' Trial Exhibit 30; Exhibit 12, Plaintiffs' Trial Exhibit 37; Exhibit 13, Plaintiffs' Trial Exhibit 608.
[57] *See James v. Texas Collin Cnty.,* 535 F.3d 365, 374 (5th Cir. 2008) ("Newspaper articles, however, are not proper summary judgment evidence to prove the truth of the facts that they report because they are inadmissible hearsay."); *Hicks v. Charles Pfizer & Co. Inc.,* 466 F. Supp. 2d 799, 804 (E.D. Tex. 2005) ("[N]ewspaper articles are 'classic hearsay.'") (collecting cases); *see also Lacey*, 2104 WL 1327792, at *5.
[58] *See Olivier*, 2022 WL 3544300, at *1; *see also Warner*, 2022 WL 19002352, at *2 ("[Plaintiffs'] also point to the fact that Talos was on probation with the Department of Labor for past violations of federal hot work regulations at the time of Jackson's death. . . . Permitting evidence of these prior incidents would

14

Similarly, for the reasons more fully stated in Defendants' separate Motion *in Limine* to Exclude Evidence and References Relating to the Tomahawk Mill and Other Prior Incidents, Plaintiffs' trial exhibits relating to prior unrelated incidents, including but not limited to those pertaining to the OSHA and CSB reports, settlements, citations, and other findings at issue in this Motion should be excluded as irrelevant, inadmissible propensity and character evidence, and unduly prejudicial. Accordingly, Plaintiffs Trial Exhibits 18, 19, 22, 23, 26, 30, 31, 32, 37, 606, 608, and 619 should further be excluded from the trial of this matter under Federal Rules of Evidence 402, 403, and 404.

## CONCLUSION

For the foregoing reasons, Defendants respectfully ask that the Court grant their Motion *in Limine* to Exclude Evidence of OSHA and CSB Investigations, Reports, Citations, and Settlements and enter an Order excluding Plaintiffs' OSHA and CSB-related exhibits from the trial of this matter. Defendants further ask for any and all relief the Court deems just and appropriate.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

*/s/ Kerry J. Miller*
Kerry J. Miller, T.A. (#24562)
Rebekka C. Veith (#36062)
Paul C. Thibodeaux (#29446)
Monica L. Bergeron (#39124)
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone: (504) 556-5549
Facsimile: (504) 310-0275
kmiller@fishmanhaygood.com
rveith@fishmanhaygood.com
pthibodeaux@fishmanhaygood.com
mbergeron@fishmanhaygood.com

---

create mini-trials to determine their potential relevance and introduces an intolerable risk of prejudice in light of the reduced grounds for Talos's liability. . . . [T]he court's prior ruling [doc. 141] on the motion in limine will be revised to exclude any evidence or argument relating to the 2011 and 2013 incidents.").

**ALSTON & BIRD LLP**

Eric Kuwana (admitted *pro hac vice*)
90 Park Avenue, 15th Floor
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
eric.kuwana@alston.com

Sarah O'Donohue (admitted *pro hac vice*)
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
sarah.odonohue@alston.com

*Counsel for Defendants,*
*Packaging Corporation of America,*
*Boise Packaging & Newsprint, LLC,*
*Boise Inc., and Rick Butterfield*

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing Memorandum in Support of Motion *in Limine* upon all counsel of record by filing the same with the Clerk of Court via the Court's CM/ECF system, this 5th day of February, 2024.

                                                  */s/ Kerry J. Miller*
                                                  Kerry J. Miller

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7(h)**

I hereby certify prior to filing the instant Motion, counsel for Defendants conferred with counsel for Plaintiffs regarding the issues raised herein in a good faith effort to resolve the issue amicably. The parties were unable to reach an agreement, necessitating the filing of the Motion.

                                                  */s/ Kerry J. Miller*
                                                  Kerry J. Miller