# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

MICHAEL JOHNSON, ET AL.

VERSUS

PACKAGING CORPORATION
OF AMERICA, ET AL.

CIVIL ACTION

18-613-SDD-EWD

## OMNIBUS RULING

Before the Court are six *Motions in Limine* filed by the Defendants. All are opposed. Each *Motion* is addressed below.

**I.    Defendant's *Motion to Strike Dr. Todd Cowen's "Amended" Life Care Plans* (Rec. Doc. 193). Opposed at Rec. Doc. 210.**

Defendants move to exclude supplemental life care plans prepared by the Plaintiffs' life care expert, Dr. Todd Cowen. In opposing the Motion, Plaintiffs submit that the supplemental report is both necessary and appropriate to capture the most recent information regarding future medical care and up-to-date medical records. The movant decries prejudice because the "supplement" is based on five additional years of medical history and increases the aggregate alleged loss by more than 10%.[1] The Court notes that Dr. Cowan's report is somewhat stale, having been authored in 2018. However, the Defendants anticipated that the life care plans would be supplemented.[2] The Court's scheduling order is silent on supplements to expert reports, and Rule 26 directs supplementation "at least 30 days before trial."[3] The Court finds that the subject reports

---

[1] Rec. Doc. 193-1, pp. 1, 10.
[2] *See* Rec. Doc. 193-1, p. 8.
[3] Fed. R. Civ. P. 26(a)(3)(B) & (e)(2).

1

are supplements. They reflect updates, which increase and decrease the individual Plaintiffs' estimated losses, based on the current medical condition of each Plaintiff. The Court does not find that the Plaintiffs are attempting to pass off a wholesale modification or change of opinion under the guise of a supplement. The cases[4] cited by Defendants are distinguishable on this point. The *Motion in Limine* (Rec. Doc. 193) is DENIED.

II. **Defendant's *Motion in Limine to Exclude from Evidence and Prohibit from Publication Photographs and Graphic Depictions of the Deceased* (Rec. 195). Opposition at Rec. Doc. 213.**

The Court will hold a Rule 104 hearing outside the presence of the jury on the first day of the trial of this matter. Ruling is hereby deferred.

III. **Defendant's *Motion in Limine to Exclude Evidence and References Relating to the Tomahawk Mill and Other Prior Incidents* (Rec. Doc. 196). Opposition at Rec. Doc. 212.**

The Defendants move to exclude evidence of prior accidents. Defendants submit that prior accident evidence is being offered in support of Plaintiffs' intentional acts exclusion to the worker's compensation exclusive remedy bar. The intentional acts question has been decided and is the law of the case.[5] Plaintiffs, however, maintain that prior accidents, most notably a tank explosion sparked by welding at another PCA mill in 2008 (the "Tomahawk Incident"), are probative of the Defendants notice, knowledge, and magnitude of risk. Defendants move for exclusion under Federal Rules of Evidence 404(b) and 403.

The Tomahawk Incident involved a tank explosion that occurred on July 29, 2018, at PCA's mill in Tomahawk, Wisconsin, which resulted in the death of three

---

[4] Rec. Doc. 193-1, n. 47.
[5] Rec. Docs. 72, 85.

2

employee/contractors. Defendants maintain that the Tomahawk Incident is not "substantially similar" to the fatal accident that occurred at PCA's mill in DeRidder, at issue in this case.[6]

In this Circuit, "[w]hen evidence of other accidents or occurrences is offered for any purpose other than to show notice, the proponent of that evidence must show that the facts and circumstances of the other accidents or occurrences are 'closely similar' to the facts and circumstances at issue—otherwise known as the 'substantial similarity' requirement for admissibility."[7] Defendants argue that "prior incidents at PCA's other facilities is not substantially similar to the [subject] DeRidder Incident and should thus be excluded as irrelevant or inadmissible character or propensity evidence under Rule 404."[8]

The Court has considered the arguments and evidence offered by both parties regarding the Tomahawk Incident. The Court finds the Tomahawk Incident was substantially similar to the subject accident. It involved hot work (welding) at another PCA mill over the top of a tank that contained flammable gases which resulted in a fatal explosion not unlike the one involved here. The flammable substance or gas in the tanks involved was different, but common denominators were present in both the Tomahawk and the subject accident; namely, welding near a tank with flammable gases which ignited causing an explosion. Thus, the Tomahawk Incident is probative of the state of PCA's knowledge and is relevant to a material issue in this case. Accordingly, the Court finds that FRE 404(b)(1) does not bar admission and FRE 404(b)(2) applies.

---

[6] FRE 404(b) & 403; *see also*, *Banks v. C.R. Bard, Inc.*, No. CV 17-193-SDD-RLB, 2023 WL 1100446 (M.D. La. Jan. 30, 2023); Rec. Doc. 196-1.
[7] *Banks*, 2023 WL 1100446, at *2 (internal quotations omitted).
[8] Rec. Doc. 196-1, p. 8.

3

However, even in cases where "substantial similarity" is established, the Court must conduct the balancing analysis required by FRE 403, which requires exclusion if "its probative value is substantially outweighed by a danger of... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or it is needlessly presenting cumulative evidence."[9]

The Court will address each exhibit related to the Tomahawk Incident and made the subject of the Defendants' *Motion in Limine* (Rec. Doc. 196) below. Objections to testimonial evidence are deferred to trial.

- P17 - an undated "Safety Alert" from the United Steelworkers to undisclosed recipients pertaining to the July 29, 2008 Tomahawk Incident. P17 is hearsay and lacks any indicia of reliability. The publication itself states that "[t]he cause of the explosion remains undetermined." The Court finds that P17 is more prejudicial than probative and is cumulative of other evidence. P17 is EXCLUDED as inadmissible hearsay under FRE 802 and under FRE 403.

- P18 - A "News Release" dated August 15, 2008 from the U.S. Chemical Safety and Hazard Investigation Board ("CSB") pertaining to the Tomahawk Incident. The news release announces that CSB will undertake an investigation into the Tomahawk Incident. The Court does not reach the question of whether the CSB news release meets the public records exception to the rule against hearsay or whether 42 U.S.C. § 7412(r)(6)(G)[10] applies because the Court finds that under FRE 403, P18 shall be EXCLUDED as more prejudicial than probative.

---

[9] Fed. R. Evid. 403.
[10] *See infra* Section VI.

- P19 - OSHA Citation and Notice of Penalty to PCA resulting from the Tomahawk Incident. The Court defers ruling on the admissibility of P19 until the time of trial, objections are reserved.

- P21 – Excerpts of a presentation regarding the Tomahawk Incident by Bruce Kummerfeldt, Health and Safety Manager, PCA Tomahawk Mill. The Court defers ruling on the admissibility of P21 until the time of trial, objections are reserved.

- P22 - CSB Safety Bulletin dated February 2010 regarding the Tomahawk Incident. The Court finds that P22 is probative of the state of industry knowledge at the time of its publication. The Court finds that 42 U.S.C. § 7412(r)(6)(G) does not bar admission because the captioned matter did not arise out of "any matter mentioned in such report."[11] However, P22 is hearsay. Ruling on this exhibit is thus deferred to trial, all evidentiary objections are reserved.

- P606 - EXCLUDED as a duplicate of P22.

- P619 - EXCLUDED as a duplicate of P22.

- P23 – CSB News Release dated March 4, 2010 regarding the Tomahawk Incident. Ruling is deferred to trial, and all objections are reserved for the same reasons pertaining to P22.

- P97 - CSB Investigation Report regarding the subject accident marked "DRAFT – CONFIDENTIAL" shall be EXCLUDED under FRE 403.

- P26 - 2010 OSHA citations and notifications of penalty pertaining to a PCA plant in Milwaukee, WI and 2011 Stipulation and Settlement Agreement between USDOL/OSHA and PCA. The cited conduct documented in P26 is not substantially

---

[11] *Id.*, at p. 13.

5

- similar to the subject incident and is more prejudicial than probative; it shall be EXCLUDED under FRE 403.

- P27 - Lincoln County Sheriff's Department communication and attached statements dated July 17, 2012 regarding Tomahawk Incident shall be EXCLUDED under FRE 403.

- P28 - Incident report dated July 17, 2012 by Inland Systems Incorporated regarding the Tomahawk Incident. Ruling is deferred to trial, all evidentiary objections are reserved.

- P30 - Article regarding Tomahawk Incident in United Steelworkers publication shall be EXCLUDED as hearsay and under FRE 403 as more prejudicial than probative and as cumulative of other evidence regarding the subject of the article.

- P31 – OSHA Citations and Notices of Penalty to PCA regarding the Tomahawk Incident. The Tomahawk Incident is substantially similar to the accident that is the subject of the captioned matter, and the exhibit is probative of knowledge and gravity of harm. Accordingly, the *Motion in Limine* as to P31 is DENIED.

- P32 – OSHA and PCA Informal Settlement Agreement of citations and penalties pertaining to the Tomahawk Incident. The *Motion in Limine* as to P32 is deferred to trial. Plaintiff must demonstrate that the exhibit is probative of some issue other than a prohibited purpose under FRE 408.

- P37 – OSHA News Release dated July 31, 2014 shall be EXCLUDED under FRE 403.

- P608 – EXCLUDED. Duplicate of P37.

- P42, P43, P44, P46, P47, P48 - Shall be EXCLUDED under FRE 801/802 and for the reasons set forth in Section V below.

- Video Deposition of PCA Corporate Representative (excerpts) taken October 20, 2020. Ruling is deferred to trial; all evidentiary objections are reserved.

- Video Deposition of Bruce Kummerfeldt (excerpts) taken December 14, 2023. Ruling is deferred to trial; all evidentiary objections are reserved.

- P99 – CSB Findings and Recommendations for the subject accident shall be EXCLUDED pursuant to 42 U.S.C. § 7412(r)(6)(G) for the reasons stated in Section VI below.

IV. **Defendant's *Motion in Limine to Exclude Stale Damages Evidence* (Rec. Doc. 197). Opposition at Rec. Doc. 214.**

Defendants move to exclude what they coin "stale damages evidence."[12] The gravamen of the Defendants' argument is that the findings in the report of Plaintiffs' damage expert, Dr. Kenneth G. McCoin, dated February 2018, are not updated, rely on stale assumptions, and are thus irrelevant. Plaintiffs counter that this is an out of time *Daubert* motion. The challenge to Dr. McCoin's assumptions go to the reliability of his opinions under FRE 702. The deadline to produce expert reports was July 21, 2023.[13] The Court extended the *Daubert* motion deadline to November 17, 2023.[14] McCoin's 2018 initial report was not updated, but a *Daubert* motion was not filed. The *Daubert* motion deadline cannot be simply ignored in favor of a "vanilla" *Motion in Limine* when the heart of the motion goes to the reliability of the expert's opinions, as it does here.

---

[12] Rec. Doc. 197; Rec. Doc. 214.
[13] Rec. Doc. 135.
[14] Rec. Docs. 155 & 176.

7

Accordingly, the motion (Rec. Doc. 197) is DENIED, without prejudice to urging objections at trial. The Plaintiffs are instructed that Dr. McCoin will not be permitted to amend his opinions at trial based on current facts. Dr. McCoin's testimony shall be limited to opinions stated in his 2018 reports which are reliably supported by the factual evidence adduced at trial.

**V.     Defendant's *Motion in Limine to Exclude Undisclosed Expert Opinions* (Rec. 198). Opposition at Rec. Doc. 215.**

On their exhibit list, Plaintiffs identify reports and affidavits of experts in other cases involving industrial accidents at PCA facilities. Defendants move to exclude the following:

- P47 and P48 are expert reports of Frederick Elder and John Carson in *Hale v. PCA* in the United States District Court for the Western District of Wisconsin.

- P105, P106, P650, and P651 are expert affidavits submitted in in opposition to *Motions for Summary Judgment* filed in 2021 in *Rolls v. PCA*, No. 2:18-cv-188, a case filed by a different plaintiff arising out of the same incident at issue in this suit.

Defendants urge exclusion pursuant to Rule 26 of the Federal Rules of Civil Procedure, arguing that, because "all constitute expert opinions disclosed after the Court-ordered deadlines for disclosure of expert witnesses and provisions of expert reports, Plaintiffs should be precluded from offering those exhibits and the opinions they contain at the trial of this matter."[15]

Plaintiffs counter that Rule 26 is inapplicable because these are not experts retained for this case and they are not testifying in this case. Plaintiffs argue that these

---

[15] Rec. Doc. 198-1, p. 3.

"are simply documentary evidence that has been gathered and exchanged by the parties in discovery."[16]

The Court hereby GRANTS the *Motion in Limine* (Rec. Doc. 198). The expert reports and affidavits rendered by experts in other cases constitute inadmissible hearsay. They are beyond the reach of cross examination in this case, are more prejudicial than probative, and risk juror confusion. Plaintiffs' exhibits P47, P48 P105, P106, P650, and P651 are hereby EXCLUDED.

**VI.     Defendant's *Motion in Limine to Exclude Evidence of OSHA and CSB Investigations, Reports, Citations, and Settlements* (Rec.199). Opposition at Rec. Doc. 211.**

Defendants move to exclude documents related to OSHA and CSB investigations. Defendants argue that all are inadmissible hearsay. Additionally, Defendants submit that evidence of PCA settlements of OSHA citations are inadmissible under FRE 408 and that evidence of CSB investigative reports, videos, and other investigative materials are inadmissible under 42 U.S.C. § 7412(r)(6)(G). Finally, Defendants move exclusion under FRE 403 arguing that the prejudice exceeds any probative value.

Plaintiffs oppose the hearsay objection, arguing that the subject records meet the public records exception, FRE 803(8), and that PCA's settlements with OSHA are not offered to "prove or disprove the validity or amount of a disputed claim" but are admissible for another purpose, such as, notice of dangerous conditions leading up to the subject explosion.[17] As for statute 42 U.S.C. § 7412(r)(6)(G), Plaintiffs argue that this statute does not prohibit admissibility of CSB reports of other incidents that are not at issue in this suit.

---

[16] Rec. Doc. 215, p. 3.
[17] Rec. Doc. 211, p. 4 (quoting FRE 408))(internal quotation marks omitted).

9

The Court will address each OSHA and CSB exhibit challenged in the Defendants' *Motion in Limine* (Rec. Doc. 199) below. The Court notes that many of the exhibits challenged by this Motion (Rec. Doc. 199) were also challenged in the *Motion in Limine* to exclude evidence of the Tomahawk Incident (Rec. Doc. 196).

- P93 - OSHA Citation and Notice of Penalty dated 8/3/2017 regarding the subject accident. This is a Citation, not a settlement, so FRE 408 does not bar admission. Ruling is deferred to trial. The hearsay and FRE 403 objections are reserved to the time of trial.

- P95 - Correspondence regarding PCA's satisfaction of covenants of its settlement of the OSHA citation resulting from the subject accident. Evidence of a compromise with a regulatory agency is not admissible to show liability. Additionally, "making the content of such a discussion available for use in related litigation would invite the very situation that Rule 408 is designed to avoid" and reduce the likelihood that responsible parties would volunteer to correct occupational safety hazards."[18] The *Motion in Limine* is GRANTED and P95 is EXCLUDED, without prejudice.

- P103 - Duplicate of P95. The *Motion in Limine* is GRANTED and P103 is EXCLUDED, without prejudice.

- P100 - The Notice of Settlement of the OSHA citation for the subject accident, dated June 25, 2081. The *Motion in Limine* is GRANTED, an P100 is EXCLUDED pursuant to FRE 408.

---

[18] *Lyondell Chemical Co. v. Occidental Chemical Corp.*, 608 F.3d 284, 299 (5th Cir. 2010).

- P19 - OSHA Notice of Citation and Penalty to PCA resulting from the Tomahawk Incident. The Court defers ruling on the admissibility of P19 until the time of trial; objections are reserved.

- P26 - 2010 OSHA citations and notifications of penalty pertaining to a PCA plant in Milwaukee, WI and 2011 Stipulation and Settlement Agreement between USDOL/OSHA and PCA. The cited conduct documented in P26 is not substantially similar to the subject incident and is more prejudicial than probative and shall be EXCLUDED under FRE 403.

- P30 - Article regarding Tomahawk Incident in United Steelworkers publication shall be EXCLUDED as hearsay and under FRE 403 as more prejudicial than probative and as cumulative of other evidence regarding the subject of the article.

- P31 – OSHA Citations and Notices of Penalty to PCA regarding the Tomahawk Incident. The *Motion in Limine* as to P31 is DENIED for the reasons set forth in Section III above.

- P32 - OSHA and PCA Informal Settlement Agreement of citations and penalties pertaining to the Tomahawk Incident. The *Motion in Limine* as to P32 is deferred to trial. Plaintiff must demonstrate that the exhibit is probative of some issue other than a prohibited purpose under FRE 408.

- P37 – OSHA News Release dated July 31, 2014 shall be EXCLUDED under FRE 403.

- P608 – Duplicative of P37. EXCLUDED for same reasons.

- P97 - draft CSB investigation report regarding the Tomahawk Incident. EXCLUDED under FRE 403.

- P99 - Investigation Report and Recommendation of the U.S. Chemical Safety and Transportation Board shall be EXCLUDED. By statute, CSB conclusions, findings, and recommendations related to the incident made the subject of the captioned matter are not admissible. 42 U.S.C. § 7412(r)(6)(G) specifically provides:

    > No part of the conclusions, findings, or recommendations of the Board relating to any accidental release or the investigation thereof shall be *admitted as evidence or used* in any action or suit for damages arising out of any matter mentioned in such report. (emphasis added).

    The *Motion in Limine* as to P99 is hereby GRANTED.

- P18 – The *Motion in Limine* as to P18 is hereby GRANTED and P18 is EXCLUDED for the reasons stated in Section III above.

- P22 - CSB Safety Bulletin dated February 2010 regarding the Tomahawk Incident. The Court finds that P22 is probative of the state of industry knowledge at the time of its publication. The Court finds that 42 U.S.C. § 7412(r)(6)(G) does not bar admission because the captioned matter did not arise out of "any matter mentioned in such report."[19] However, P22 is hearsay. Ruling is deferred to trial; all evidentiary objections are reserved.

- P606 - EXCLUDED as a duplicate of P22.

- P619 - EXCLUDED as a duplicate of P22.

---

[19] *Id.*

Defendants further move to exclude Rec. Doc. 199-6 and 199-7[20] filed under seal. The *Motion in Limine* is hereby GRANTED, and the proposed exhibits shall be EXCLUDED pursuant to FRE 407 and 408.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana March 13, 2024

                                    */s/ Shelly D. Dick*
                                    **SHELLY D. DICK**
                                    **CHIEF DISTRICT JUDGE**
                                    **MIDDLE DISTRICT OF LOUISIANA**

---

[20] Rec. Doc. 199 (UNDER SEAL), Exhibits 5 & 6.