**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

MICHAEL JOHNSON, ET AL.

VERSUS

PACKAGING CORPORATION
OF AMERICA, ET AL.

CIVIL ACTION

18-613-SDD-EWD

## RULING

Before the Court is the *Omnibus Motion in Limine to Exclude Certain Evidence*[1] filed by Plaintiffs, Michael Johnson, Charles Cunningham, Jerry Bailey, Eric Woodward, Michael Darbonne, Michael McCullough, Christopher Harrington, Demon Benjamin, and Pamela Green. The Defendants, Packaging Corporation of America ("PCA"), Boise Packaging & Newsprint, LLC ("BPN"), Boise, Inc. ("Boise"), and Rick Butterfield filed a *Memorandum in Opposition*.[2] For the reasons that follow, the Motion shall be granted in part and denied in part.

The Court will not reiterate the facts that form the basis of the captioned matter. Plaintiffs move to exclude (1) documents produced after the discovery deadline; (2) surveillance of the plaintiffs and social media posts by the plaintiffs; (3) evidence of various prior criminal convictions and/or arrests; (4) evidence of prior drug and alcohol use by the plaintiffs; and (5) evidence of drug use by non-parties who were involved in the explosion that is the subject of this suit.[3]

---

[1] Rec. Doc. 202.
[2] Rec. Doc. 207.
[3] Rec. Doc. 202, p.1.

## I.    Late-Produced Documents

Plaintiffs move to exclude the following documents that were admittedly produced after the May 30, 2023 discovery deadline.[4]

- Surveillance of five plaintiffs, produced January 9, 2024, identified as defense trial exhibits DX 276-77, 308, 337, 351, 366-68.

- Criminal records, produced January 26, 2024, identified as defense trial exhibits DX 269-272, 375, 415.

- Social media posts of some plaintiffs, produced December 7, 2023, identified as defense trial exhibits DX 265, 327, 336.

- Documents produced by Elite in a separate case, produced in this case on December 27, 2023, identified as defense trial exhibits DX 251-254.[5]

Some of the documents made the subject of the instant Motion were sought by the Plaintiffs in written discovery.[6] The Defendants objected and never produced the subject records until the parties exchanged exhibits shortly before trial.[7]

In opposition to the Motion, Defendants concede that the documents identified above were not timely produced but ask the Court to apply the four-factor test used by courts within the Fifth Circuit and find that the discovery failure was harmless or substantially justified.[8]

---

[4] Rec. Docs. 98, 135, 207.
[5] Rec. Doc. 207, p. 2.
[6] The plaintiffs requested production of surveillance, criminal records, and social media posts in September 27, 2017. Rec. Doc. 202-6.
[7] Rec. Docs. 202-7; 207, pp. 2-3.
[8] Rec. Doc. 207, pp. 2-7.

Defendants' argument that "the parties continued to work through discovery issues and to conduct discovery beyond"[9] the deadline is unavailing and fails to explain or excuse disclosure 7-8 months past the deadline and not until the eve of trial. Regarding the Elite documents Defendants anemically offer that "counsel did produce those in December of 2023 'out of an abundance of caution' because, having newly enrolled, they were unable to determine whether those documents had been provided to Plaintiffs" and that it "seems that the documents *were* earlier provided to Plaintiffs."[10]

Defendants ask the Court to apply the four-factor test used by courts in this circuit to consider whether to exclude late disclosed evidence. The Fifth Circuit test for determining whether to exclude late-disclosed evidence balances the harm of the late disclosure against the justification.[11]

## II.    Elite Documents (DX 251-254)

Defendants argue that the Elite documents are important to one of the Defendants' principal defenses, namely statutory immunity.[12] The record reveals that the parties have relied on some Elite records in Motion practice.[13] Considering the parties use and reliance on some of the Elite records in Motion practice, the Court is unable to ascertain the prejudice, if any, of allowing the Elite documents into evidence. The Motion *in Limine* to exclude the Elite records is DENIED, without prejudice. Objections are reserved to the time of trial.

---

[9] *Id.* at p. 3.
[10] Rec. Doc. 207, p. 4.
[11] *Id.* at pp. 2-3.
[12] *Id.* at p. 4.
[13] *Id.* at pp. 5-6.

### III.    Criminal Records (DX 269-72, 375, 415)

DX269, DX270, and DX271 are misdemeanor records of Plaintiff Demon Benjamin.[14] The records date back to 2005. None involve charges of dishonesty or false statements. The Motion *in Limine* is GRANTED and DX269, DX270, and DX271 shall be excluded pursuant FRE 608 and 403.

DX 375 and DX415 are records of a 2021 DWI offense in Texas.[15] Plaintiff submits that this is a Class A Misdemeanor, punishable by up to one year in prison under Tex. Penal Code § 12.21.[16] This is a misdemeanor that does not involve elements of dishonesty or false statements. The Motion *in Limine* is GRANTED and DX 375 and DX415 shall be excluded pursuant to FRE 608 and 403.

### IV.    Evidence of Drug and/or Alcohol Use

Plaintiffs move the Court to exclude, pretrial, "any reference to any alleged substance use or abuse, including alcohol, tobacco, or drugs by the plaintiffs (or plaintiffs' witnesses, family members), or efforts to seek treatment for same,"[17] citing FRE 403 and 404(b). The probative value, if any, is referred to trial. The Motion *in Limine* is DENIED, without prejudice. Objections are reserved to the time of trial.

### V.    Drug Use by Non-Parties (DX4 and DX 159)

Plaintiffs move for exclusion of "evidence of alleged drug use or drug possession by non-party Elite employees, Jody Gooch and William Rolls, who were killed by the explosion at issue in this case."[18] Investigations following the accident refer to drugs

---

[14] Rec. Doc. 202-1, pp. 9-10.
[15] *Id.* at p. 10.
[16] *Id.*
[17] Rec. Doc. 202-1, p. 11.
[18] *Id.* at p. 12.

having been found on them and post-mortem positive drug tests. The evidence is material to the issue of causation. The Motion *in Limine* to exclude evidence and testimony of possible drug use by the Elite welders at the time of the accident shall be DENIED.

**VI.    Surveillance (DX276, 277, 308, 337, 351, 366, 367, 368)**

Plaintiffs move to exclude surveillance video of the Plaintiffs on the grounds that it was late produced and because they allege that defendants will be "unable to properly authenticate it at trial."[19] The Motion *in Limine* to exclude surveillance of the plaintiffs is DENIED, without prejudice. The authenticity objection is reserved to trial. FRE 403 objections are also reserved to trial. As for the late production, a party is not obliged to disclose impeachment evidence. To the extent that the surveillance will be offered as substantive evidence, as distinct from impeachment evidence, it shall be excluded.

**VII.    Social media posts of Some Plaintiffs (DX 265, 327, 336)**

Plaintiffs acknowledge that "[t]he social media posts appear designed solely for use in impeachment.[20] The Motion *in Limine* to exclude social media posts of the Plaintiffs is DENIED, without prejudice, for the same reason stated above in Section VI. All objections are reserved to trial .

IT IS HEREBY ORDERED

The Motion *in Limine* to exclude the Elite records is DENIED, without prejudice;

The Motion *in Limine* to exclude criminal history records of plaintiffs is GRANTED;

The Motion *in Limine* to exclude evidence of Plaintiffs' substance abuse is DENIED, without prejudice;

---

[19] *Id.* at p. 6.
[20] *Id.* at p. 4.

The Motion *in Limine* to exclude evidence and testimony of drug use by the Elite welders at the time of the accident is DENIED;

The Motion *in Limine* to exclude surveillance of the Plaintiffs and social media posts by the Plaintiffs is DENIED, without prejudice.

Baton Rouge, Louisiana, this 3rd day of April 2024.

_____

**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**