UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL JOHNSON, ET AL. | CIVIL ACTION |
| v. | NO. 3:18-CV-00613-SDD-EWD |
| | CHIEF JUDGE SHELLY D. DICK |
| PACKAGING CORPORATION OF AMERICA, ET AL. | MAGISTRATE ERIN WILDER-DOOMES |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO QUASH SECOND SUBPOENA DIRECTING BRUCE KUMMERFELDT TO APPEAR AND TESTIFY AT TRIAL AND FOR SANCTIONS**

Defendants Packaging Corporation of America, Boise Packaging & Newsprint, LLC, Boise Inc., and Rick Butterfield ("Defendants"), respectfully submit the following memorandum in support of their Motion to Quash Second Subpoena Directing Bruce Kummerfeldt to Appear and Testify at Trial and for Sanctions.

### BACKGROUND

On April 1, 2024, this Court entered an order quashing a trial subpoena served on Bruce Kummerfeldt through undersigned counsel. R. Doc. 237. In that order, the Court explained that although Defendants objected to the subpoena in part because it was not served on Mr. Kummerfeldt personally, "[i]t is not necessary to reach the issue of whether Plaintiffs' service of the trial subpoena on defense counsel was proper because the subpoena does not comply with the geographical limitations of Fed. R. Civ. P. 45(c)." *Id.* at p. 2. The Court based this holding upon the fact that Mr. Kummerfeldt, who lives in Wisconsin and works in Wisconsin and Illinois, does not regularly transact business in Louisiana. *See id.* at p. 3.

The next day, April 2, 2024, Mr. Kummerfeldt was personally served with a subpoena to testify at the trial of this matter signed by counsel for Plaintiffs, J. Kyle Findley. R. Doc. 242.

1

Late in the evening on April 3, 2024, Plaintiffs filed this return of service into the record. *Id.* On April 4, 2024, counsel for Defendants contacted counsel for Plaintiffs to confirm that this subpoena was served, and the return filed, in error, in light of the Court's holding that Mr. Kummerfeldt cannot be subpoenaed to testify at a trial in Louisiana.[1] Counsel for Defendants noted that if the second subpoena was not withdrawn, they would move to quash it and for sanctions associated with the necessity of filing the second motion.[2] Counsel for Plaintiffs responded that they intend to file objections to the order, such that it "was a necessity" to serve Mr. Kummerfeldt to "make the geographical-limitation issue concise and direct."[3]

**LAW & ARGUMENT**

**I.　Defendants have standing to move to quash this subpoena.**

To the extent Plaintiffs may seek to revive the argument made in opposition to Defendants' first motion to quash that Defendants do not have standing to object to the subpoena to Mr. Kummerfeldt, that argument was correctly rejected in the order granting Defendants' first motion to quash, because "[g]iven the current trial date and the timing of this Motion, it would be impractical to have Kummerfeldt hire his own attorney to challenge the subpoena." R. Doc. 237 at p. 2. That impracticality is even more pronounced with respect to this second subpoena, which was served six days before trial is set to begin.

**II.　The second subpoena is improper under Federal Rule of Civil Procedure 45(c) and sanctions are appropriate under Federal Rule of Civil Procedure 45(d)(1).**

The second subpoena to Mr. Kummerfeldt, like the first, is improper because it does not comply with Federal Rule of Civil Procedure 45(c)'s geographical limitations. Mr. Kummerfeldt,

---

[1] Ex. 1, Correspondence between counsel for Defendants and counsel for Plaintiffs.
[2] *Id.*
[3] *Id.*

who was served in Wassau, Wisconsin, still resides in Wisconsin, more than 100 miles away from Baton Rouge, and still does not regularly transact business in Louisiana.[4]

Where the second subpoena differs from the first is that it also violates the instruction in Rule 45(d)(1) that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable expense to avoid imposing undue burden or expense on a person subject to the subpoena." Plaintiffs' service of this second subpoena on the eve of trial, and their refusal to withdraw it based only on the prospect of an as-yet unfiled objection to the well-reasoned order quashing the subpoena (an objection that will only be considered if the order was clearly erroneous or contrary to the law, 28 U.S.C. § 636(b)(1)(A), and which at this point, the Court will have at most one business day to consider before trial commences), has "wast[ed] the [] Defendants' time and money in forcing" their counsel to draft the instant Motion. *See Burkette v. East Feliciana Parish Sheriff*, 606 F. Supp. 3d 297, 303 (M.D. La. 2022). Defendants therefore seek sanctions in the form of the fees associated with the drafting of this Motion.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

*/s/ Rebekka C. Veith*
Kerry J. Miller, T.A. (#24562)
Rebekka C. Veith (#36062)
Paul C. Thibodeaux (#29446)
Monica L. Bergeron (#39124)
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone: (504) 556-5549
Facsimile: (504) 310-0275
kmiller@fishmanhaygood.com
rveith@fishmanhaygood.com
pthibodeaux@fishmanhaygood.com
mbergeron@fishmanhaygood.com

---

[4] *See generally* R. Doc. 233-2, Declaration of Bruce Kummerfeldt.

**ALSTON & BIRD LLP**

Eric Kuwana (admitted *pro hac vice*)
90 Park Avenue, 15th Floor
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
eric.kuwana@alston.com

Sarah O'Donohue (admitted *pro hac vice*)
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
sarah.odonohue@alston.com
*Counsel for Defendants,*
*Packaging Corporation of America,*
*Boise Packaging & Newsprint, LLC,*
*Boise Inc., and Rick Butterfield*

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2024, I filed the foregoing pleading with the Court's CM/ECF system, which sent notice to all counsel of record.

*/s/ Rebekka C. Veith*
Rebekka C. Veith