UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHAEL JOHNSON, ET AL. | * | CIVIL ACTION NO. 3:18-cv-00613 |
| VERSUS | * | CHIEF JUDGE SHELLY D. DICK |
| PACKAGING CORPORATION OF AMERICA, ET AL. | * | MAGISTRATE JUDGE ERIN WILDER-DOOMES |

## TRIAL BRIEF ON RICK BUTTERFIELD'S LIABILITY

In response to the Court's order, the plaintiffs file this brief on Mr. Butterfield's liability.

### I.

### General principles: an individual can be liable for negligence if he breaches a duty delegated to him by his employer.

*Jack v. Evonik Corporation* is a recent Fifth Circuit case re-iterating, under diversity jurisdiction, the Louisiana Supreme Court's holding in *Canter v. Koehring Co.*[1] This body of law allows for liability to flow from a company to an employee of the company when the employee breaches a delegated duty. It has three elements: (1) the employer owes a duty of care to a third person, the breach of which has caused the damage at issue, (2) the duty was delegated by the employer to the individual defendant, (3) the employee breached the duty by failing to perform it with the ordinary degree of care under the circumstances, and (4) the breached duty must not simply be an administrative breach but, rather, must be because he breached some personal duty

---

[1] *Jack v. Evonik Corp.*, 79 F.4th 547, 556-560 (5th Cir. 2023) (citing *Canter v. Koehring Co.*, 283 So. 2d 716 (La. 1973)).

to the plaintiff which specifically caused his injuries.[2]

## II.

## Butterfield's liability is sufficiently pled in the complaint.

As a threshold matter, the plaintiffs have sufficiently pled that Butterfield is liable under *Canter*. The plaintiffs' second amended petition controls.[3]

As to the first element, it alleges that Butterfield worked at the paper mill, which was owned by Bosie and operated by PCA.[4] As a matter of law, those entities owed duties to the plaintiffs to maintain a safe place to work. As the Louisiana Supreme Court held in *Mundy v. Department of Health & Human Resources*, "the owner or operator of a facility has the duty of exercising reasonable care for the safety of persons on his premises and the duty of not exposing such persons to unreasonable risks of injury or harm."[5] Jurisprudence recognizes that "[t]his duty extends [for the protection of] employees of independent contractors, for whom the owner must take reasonable steps to ensure a safe working environment."[6]

As to the second element, the plaintiffs have alleged sufficient facts that this duty was delegated to Butterfield. As alleged in the petition, "Defendant Rick Butterfield was responsible for safety at the mill on the date of the explosion."[7]

As to the third element, the plaintiffs have alleged numerous ways in which this duty was breached. They alleged that the defendants—including Butterfield—failed (among other things)

---

[2] *Jack*, 79 F.4th at 556.

[3] The second amended petition is at Rec. Doc. 4-3, pp. 2-8.

[4] *Id.* at p. 4 of 8, ¶18.

[5] *Mundy v. Department of Health & Human Resources*, 620 So. 2d 811, 813 (La. 1993).

[6] *Donavan v. Jones*, 658 So. 2d 755, 764 (La. App. 2d Cir. 1995).

[7] Rec. Doc. 4-3, p. 4, ¶18.

to provide a safe working environment, properly supervise mill workers, provide safe and proper equipment, implement adequate and/or emergency procedures, and provide adequate warnings.[8] The plaintiffs further alleged that the defendants sent the plaintiffs to work under conditions known by them to be substantially certain to result in injury.[9]

These allegations cover all elements of liability under *Canter*. The plaintiffs' amended complaint sufficient alleges actionable negligence (and more) against Butterfield.

And to be clear, the plaintiffs sued Mr. Butterfield for *negligence*. No Fifth Circuit or Louisiana Supreme Court holding states that the plaintiff's suit against a defendant for negligence need spell out every legal detail under which he may be found negligent. That is what discovery, evidence, and trial are for. The Court should readily hold that the governing complaint in this case is sufficient, for pleadings purposes, to pursue Mr. Butterfield.

## III.

**The evidence against Mr. Butterfield is sufficient to find him liable.**

The evidence against Mr. Butterfield confirms that he is liable under *Canter*, relevant excerpts of which are cited here by footnote.[10]

## IV.

### CONCLUSION

The claim against Butterfield is properly pled and properly supported. It should reach the jury.

---

[8] *Id*. at p. 5 of 8, ¶22.

[9] *Id*. at pp. 7-8, ¶¶31-32.

[10] See Exhibit 1, Butterfield trial testimony, p. 33:8-34:1; *id*. at p. 43:17-44:6; *id*. at p. 65:3-65:8; *id*. at p. 80:12-81:3.

3

Respectfully Submitted,

ARNOLD & ITKIN LLP

/s/ Kyle Findley
J. Kyle Findley (#34922)
kfindley@arnolditkin.com
Kala Sellers (#36182)
ksellers@arnolditkin.com
John G. Grinnan *pro hac vice*
jgrinnan@arnolditkin.com
6009 Memorial Drive
Houston, TX 77007
Tel: (713) 222-3800
Fax: (713) 222-3850
**e-service@arnolditkin.com**

A. M. "Tony" Clayton (#21191)
Michael P. Fruge (#26287)
Richard J. Ward, III (#32267)
Clayton, Fruge & Ward
3741 La. Highway 1 South
Port Allen, LA 70767
Tel: (225) 344-7000
Fax: (225) 383-7631

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record by the CM/ECF system or other means on April 16, 2024.

/s/ Kyle Findley
Kyle Findley